Jerry SAUCIER, Relator,

v.

Honorable Enrique H. PENA, Judge of the Court of Domestic Relations of El Paso County, Texas, Arnold F. Card and Margaret Card, Respondents.

No. B-6922.

Supreme Court of Texas.

Dec. 7, 1977.

Rehearing Denied Jan. 18, 1978.

Schwartz & Earp, David R. McClure, El Paso, for relator.

Merkin, Gibson & Hines, William L. Merkin and Sidney K. Gibson, El Paso, for respondents.

STEAKLEY, Justice.

This is an original mandamus proceeding. Relator, Jerry Saucier, seeks the writ to compel Honorable Enrique H. Pena to vacate his order denying Relator's petition for Writ of Habeas Corpus for possession of his daughter, Dalene Tafflene Saucier. The writ is conditionally granted.

Jerry and Margo Saucier were the parents of Dalene. They experienced marital difficulties and suit for a divorce was filed. Shortly thereafter Margo died. At the time of her death Margo and Dalene were living with Margo's mother and step-father, Margaret and Arnold F. Card. Under date of February 27, 1968, the 171st District Court of El Paso County, Texas, ordered that Richard Corbin, the grandfather of Dalene, have temporary custody of Dalene until the separation of Relator from military service; and that Relator have permanent custody of Dalene after such event.

When Relator was separated from active duty eight months later he was denied possession of his daughter. He filed suit for injunction and for writ of habeas corpus against Corbin in the Court of Domestic Relations of Smith County, Texas, the county of residence of Corbin. Corbin filed a cross-action for an order changing custody. The cross-action was denied by an order of the court dated October 7, 1968 and Corbin was ordered to surrender Dalene to Relator who would have permanent care, custody and control of Dalene.

Under some type of mutual arrangement, Dalene lived principally with Margaret and Arnold F. Card for a number of years. Thereafter, upon the remarriage of Relator, he sought possession of Dalene. This was denied by Mr. and Mrs. Card who then filed suit affecting the parent-child relationship pursuant to the Family Code, Tex.Fam. Code Ann. §§ 11.04 et seq. (1975). The suit was filed in the Court of Domestic Relations of El Paso County and sought the appointment of the Cards as co-managing conservators of Dalene. Relator then filed an Application for Writ of Habeas Corpus invoking the prior orders of the 171st District Court of El Paso County and of the Court of Domestic Relations in Smith County. Judge Pena declined to act immediately on the Application for Habeas Corpus but proceeded to hear the suit instituted by the Cards. After hearing evidence at some length Judge Pena in an order signed the 13th day of May, 1977, denied Relator's Application for Writ of Habeas Corpus and appointed Arnold F. Card and wife, Margaret Card, temporary managing conservators of Dalene. This order reads, in pertinent part, as follows:

. . . The Court heard all of the evidence, which was concluded on April 21, 1977, and thereafter heard the argument of counsel. Being fully advised in the premises and having determined that it has jurisdiction of the person and subject matter of said minor, and that all parties are properly before the Court, and having further determined that the best interest of said minor, DALENE TAFFLENE SAUCIER, would be served by awarding temporary managing conservatorship to ARNOLD F. CARD and wife, MARGARET CARD;

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Application and Amended Application for Writ of Habeas Corpus filed on behalf of JERRY SAUCIER be, and they are hereby, denied in all respects and held for naught;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, considering the best interest of said minor child, ARNOLD F. CARD and wife, MARGARET CARD, be, and they are hereby, appointed as temporary managing conservators of DALENE TAFFLENE SAUCIER, a minor child, and JERRY SAUCIER be, and hereby is appointed temporary possessory conservator of said minor child. The Court, at a later date and after further consideration, shall designate specific visitation rights of said possessory conservator with the minor child, at those places and on those dates deemed appropriate by the Court.

Insofar as this record shows, the prior orders of the courts in El Paso and Smith Counties were valid and subsisting on January 1, 1974, when the Family Code became effective.[1]

Notwithstanding, it is apparent that Judge Pena did not act upon Relator's Application for Writ of Habeas Corpus as required by Section 14.10 of the Family Code as it read at the time.[2] This statute, in pertinent part, provided:

§ 14.10 Habeas Corpus

(a) If the right to possession of a child is presently governed by a court order,

1. Sec. 4. (a) This Act takes effect on January 1, 1974, and governs all proceedings, orders, judgments, and decrees in suits and actions brought after it takes effect, and also all further proceedings in actions then pending, except to the extent that in the opinion of the court its application in an action pending when this Act takes effect would not be feasible or would work injustice. All things properly done under any previously existing rule or statute prior to the taking effect of this Act shall be treated as valid.

(b) Any action or suit commenced after January 1, 1974, that has as its object the modifi-

cation of an order, judgment, or decree entered prior to January 1, 1974, but which under this Act would be a suit affecting the parent-child relationship, is governed by the provisions of this Act, and shall be treated as the commencement of a suit affecting the parent-child relationship in which no court has continuing exclusive jurisdiction. 1973 Tex.Gen.Laws, ch. 543, § 4(a), (b), at 1459.

2. Subsequent to the order here in question, Article 14.10 was amended, effective August 29, 1977.

the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that the previous order was granted by a court of another state or nation and that:

(1) the court did not have jurisdiction of the parties; or

(2) the child has been within the state for at least 12 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

\*　　\*　　\*　　\*　　\*　　\*

■ The Legislature has provided that obedience to existing court orders shall be compelled by habeas corpus proceedings. Modification of an existing order may not be entertained except in two instances which do not here exist. *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). The general rule now is that the writ should be granted when the relator shows that he or she is entitled to custody of the child by virtue of a valid and subsisting court order. The right to possession may not be relitigated in the habeas corpus hearing; the relator is entitled to an issuance of the writ immediately on a showing of his or her right to custody. Further, mandamus is a proper remedy to compel enforcement of the relator's right to possession. *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex.1977).

It is argued that the order of Judge Pena is nevertheless sustainable under Subsection (c) of Section 14.10; and that, as stated in the brief of Mr. and Mrs. Card, Judge Pena "could have found a serious, immediate threat to the . . . well-being of the child." But it is apparent from the face of the order that Judge Pena did not invoke this subsection. His order does not purport to rest upon, and there is no finding with respect to, a serious immediate question concerning the welfare of the child. It recites only "that the best interest of said minor, Dalene Tafflene Saucier, would be served by awarding temporary managing conservatorship to Arnold F. Card and wife, Margaret Card," for which reason Relator's Application for Writ of Habeas Corpus was denied.

■ Relator was presently entitled to immediate possession of Dalene under the existing court orders. It was the statutorily imposed obligation of Judge Pena in response to Relator's Application for Writ of Habeas Corpus to issue the writ to compel the delivery of Dalene into the possession of Relator. We emphasize, as we did in *Lamphere*, that our holding here does not prejudge the issues raised in the suit of Mr. and Mrs. Card for permanent appointment as managing conservators of Dalene. The only issue we have resolved is Relator's right to immediate possession of Dalene.

It is assumed that Judge Pena will vacate his order denying Relator's petition for Habeas Corpus and that he will issue the requested writ. A writ of mandamus will issue only if he declines to do so.