James ELLIOTT, Relator,

v.

Honorable John BRADSHAW,
Judge, Respondent.

No. B-7968.

Supreme Court of Texas.

Dec. 20, 1978.

William D. Dupree, Abilene, for relator.

Jimmy L. Browning, Breckenridge, for respondent.

CAMPBELL, Justice.

This is an original mandamus proceeding brought by James Elliott, Relator, requesting a writ of mandamus directing Respondent, the Honorable John Bradshaw, Judge of the District Court of Stephens County, to grant a writ of habeas corpus in a child custody case.

Relator Elliott and Carol Elliott Huffman were divorced February 26, 1975, by decree of the 326th District Court of Taylor County, which decree also named Ms. Huffman managing conservator of their two minor children. On September 19, 1978, the 326th District Court modified the 1975 decree by naming Mr. Elliott managing conservator. Two days later Mr. Elliott filed a petition for habeas corpus before Judge Bradshaw in the 90th District Court of Stephens County to enforce the September 19th order.

A habeas corpus hearing was had on October 6th and on October 13th Judge Bradshaw rendered an order reciting that the 326th District Court had jurisdiction to modify the divorce decree and that it had modified the decree by naming Mr. Elliott managing conservator. The court refused to grant the writ of habeas corpus, however, because it further found that it was in the best interest of the children that they remain with their mother until the 326th District Court could hear a motion for new trial. The motion for new trial was subsequently overruled, but Judge Bradshaw still did not grant the writ and has not granted it to this date.

Section 14.10 of the Family Code provides:

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless . . . . (the statutory exceptions do not apply in this case.)

This Court has held that Section 14.10 imposes a mandatory duty upon a trial judge to grant habeas corpus where an existing court order vests the Relator with the right to possession of children. *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). Mr. Elliott has such an order, so the writ of habeas corpus should issue.

The Clerk of this Court has been directed to issue a writ of mandamus to the Honorable John Bradshaw in accordance with this opinion.