FRANCINE LA GRENADE v. DWIGHT GORDON, BETSY GORDON AND ROBERT GORDON

No. 7921SC903

(Filed 15 April 1980)

1. **Parent and Child § 6.2— father's common law right to custody of child**
    The father of a minor child is its natural guardian at common law, and his right of control over the child is superior to that of the mother in the absence of a court's contrary determination of custody.

2. **Abduction § 1; Parent and Child § 6.2— father's agreement that mother have child custody—mother's action for abduction of child**

Where defendant father contracted away his common law right to custody of his minor child by executing an agreement giving custody to plaintiff mother but reserving his right to institute a custody action, plaintiff's right to custody was superior to that of defendant until a subsequent court determination of custody, and plaintiff had a right to institute an action against defendant and his parents for abduction of the child while he was in her custody.

APPEAL by plaintiff from *Rousseau, Judge.* Orders entered 20 August 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 25 March 1980.

Plaintiff filed this suit against defendant Robert Gordon, her estranged husband, and his parents for damages arising from an alleged conspiracy to abduct the minor child of plaintiff and defendant Robert Gordon. The events giving rise to the cause of action are alleged as follows.

Plaintiff and defendant Robert Gordon were married 28 December 1976, and they lived in Quebec, Canada. On 30 April 1979, plaintiff and defendant Robert Gordon executed an agreement which indicated that he was going to the United States to find suitable employment; that his absence would not be interpreted as desertion; that his action would not be held against him so far as determining ultimate custody of or visitation rights with their child; but that in the meantime, plaintiff would have custody of the child.

On 1 May 1979, defendant Robert Gordon telephoned his father, Dwight Gordon, who advised him to bring the child to the parents' home in Winston-Salem. Defendant Robert Gordon, acting at the urging of his parents, took the minor child and surreptitiously departed. Defendant Betsy Gordon, his mother, met him in Boston, and they embarked for Winston-Salem. Upon discovering the foregoing events, plaintiff, along with her father, ventured to Winston-Salem to retrieve her child. Her attempts to reobtain the child were thwarted. Defendants took the child to the Holiday Inn in Lexington on 3 May 1979.

On 4 May 1979, plaintiff filed suit in the District Court in Forsyth County and obtained a temporary custody order. By the time the order had been entered, defendants had absconded to Myrtle Beach, South Carolina with the child. On 7 May 1979,

defendant Robert Gordon filed a civil action in the Circuit Court in Horry County, South Carolina seeking custody of the child. The South Carolina Court awarded plaintiff custody of the child. Plaintiff subsequently filed this action in Superior Court in Forsyth County to recover expenses of $12,394.74 incurred in reobtaining custody of the child, to recover $100,000.00 for emotional and mental suffering, and to recover $250,000.00 for punitive damages. The trial court dismissed her action pursuant to G.S. 1A-1, Rule 12(b)(6), of the Rules of Civil Procedure. Plaintiff appealed.

*House, Blanco & Randolph, by Clyde C. Randolph, Jr. and Ronald A. Matamoros, for plaintiff appellant.*

*Wilson & Redden, by Harold R. Wilson and John W. Sherrill, for defendant appellees.*

ERWIN, Judge.

The sole question presented for review is whether plaintiff's complaint states a claim for which relief can be granted. We answer, "Yes."

[1] The father of a minor child is its natural guardian, at common law, and his right of control over the child is superior to that of the mother, in the absence of a court's contrary determination of custody. *Tyner v. Tyner*, 206 N.C. 776, 175 S.E. 144 (1934); *Patrick v. Bryan*, 202 N.C. 62, 162 S.E. 207 (1932). Thus, a father has a right of action against every person who knowingly and wittingly interrupts the relation subsisting between himself and his child or abducting his child away from him or by harboring the child after he has left the house. *Howell v. Howell*, 162 N.C. 283, 78 S.E. 222 (1913). In *Howell v. Howell, supra,* plaintiff husband had entered into a contract with his wife and her father that the parties' minor daughter might remain with the wife until the child was six years old. The husband subsequently obtained a divorce but no mention was made of custody of the child. When the child became six, according to plaintiff's complaint, the mother, with the aid of her father, removed the child from the State. The Supreme Court held that a cause of action existed for abduction.

[2] Since the father at common law has the right to control of the child, he cannot be held liable for abduction of the child in

this instance unless he has surrendered his common law right. For purposes of a motion to dismiss, the allegations of the complaint are treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). When so viewed, the evidence before us is that defendant Robert Gordon contracted away his common law right to custody of the minor child, but reserved a right to institute a custody action. Thus, plaintiff was vested by contract with legal custody of the child. By contractual agreement, her right was superior to his until a subsequent court determination of the matter of custody, and it was she who had the right to institute a cause of action for abduction, even against him. Accordingly, her complaint states a claim upon which relief can be granted against both her husband and his parents.

The orders entered below are

Reversed.

Judges HEDRICK and ARNOLD concur.