Bonita Dean MARSHALL, Relator,

v.

Honorable Floyd R. WILSON,
Judge, Respondent.

No. C–190.

Supreme Court of Texas.

June 10, 1981.

Herbert H. Landau, Dallas, for relator.

Jim Ferguson, Cleburne, for respondent.

POPE, Justice.

Bonita Dean Marshall seeks a writ of mandamus directing the Judge of the 18th District Court of Johnson County to grant a writ of habeas corpus releasing her eight-year-old child, Carolynda, from the unlawful possession of William Pacheco, the child's father.

We conditionally grant the writ of mandamus as we have done on a number of occasions, and for the reason we stated in *Strobel v. Thurman*, 565 S.W.2d 238, 239 (Tex.1978): "Upon proof of the prior order, absent dire emergency which is not here urged and which under the facts proved does not exist, the grant of the writ should be automatic, immediate, and ministerial. The writ [of habeas corpus] should be granted upon proof of the bare legal right to possession. Section 14.10." [1]

Bonita and William Pacheco were divorced on March 18, 1975, by decree of the 18th District Court of Johnson County. The decree ordered Bonita, the mother, to serve as managing conservator of Carolynda, the only child of the marriage. That order is the last final order of the court concerning the managing conservator.

1.  All statutory references herein are to the Texas Family Code Annotated unless otherwise indicated.

After the divorce, Bonita married Danny Marshall and the family lived for awhile in West Helena, Arkansas, where Bonita's parents also reside. Marshall's work later took the family to Nebraska and Tennessee. On February 22, 1981, William Pacheco drove to Dickson, Tennessee, and without Bonita's knowledge or consent, Bonita's new husband surrendered Carolynda to William Pacheco. William Pacheco immediately brought the child to Texas, and on February 25, he commenced a new proceeding in the 18th District Court of Johnson County to modify the prior order for managing conservatorship. He also asked the trial judge to grant a restraining order prohibiting the mother's interference with his possession of the child. The trial judge granted the restraining order without notice to the mother and without a hearing. The judge has from time to time extended the restraining order, but the modification proceeding has not been heard.

Bonita immediately came to Cleburne, Texas. She and two friends located William and the child at a place called Jose's Place. An altercation occurred when Bonita and her friends tried to take Carolynda from Mrs. Pacheco, William's new wife. The parties were taken to the police station.

On February 27, Bonita filed a habeas corpus proceeding in the 18th District Court alleging that William Pacheco was illegally holding Carolynda. After a hearing on March 6, the trial court denied the habeas corpus. Bonita at that point filed this mandamus action seeking the enforcement of her rights under the order which had made her the managing conservator. *See Forbes v. Wettman*, 598 S.W.2d 231 (Tex.1980); *Gray v. Rankin*, 594 S.W.2d 409 (Tex.1980).

The Texas Legislature enacted a simple procedure designed to stop kidnapping such as happened at Dickson, Tennessee; child-snatching such as happened at Jose's Place; and the frustration of outstanding orders for managing conservatorship such as the trial court's restraining order has done. The party armed with an order for managing conservatorship is entitled to its enforcement instanter. The hearing for the enforcement is not a readjudication of managing conservatorship. *Lamphere v. Chrisman*, 554 S.W.2d 935, 937–38 (Tex.1977). The language of Section 14.10 is clear:

(a) If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.

(b) *The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:*

(1) the previous order was granted by a court that did not have jurisdiction of the parties; or

(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

(c) The court may issue any appropriate temporary order if there is a serious immediate question concerning the welfare of the child.

(d) *While in this state for the sole purpose of compelling the return of a child through a habeas corpus proceeding, the relator is not amenable to civil process and is not subject to the jurisdiction of any civil court except the court in which the writ is pending and in that court only for the purpose of prosecuting the writ.*

(e) If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

(f) The court shall disregard any motion for temporary or permanent adjudication relating to the possession of the child in a habeas corpus proceeding brought under Subsection (e) of this sec-

tion unless at the time of the hearing an action is pending under this subtitle, in which case the court may proceed to issue any temporary order as provided by Section 11.11 of this code. [Emphasis added.]

■ Neither the pendency of the father's motion to modify the subsisting order that made the mother the managing conservator nor the temporary restraining order that was granted without notice and without a hearing supplant the valid and subsisting order that made the mother the managing conservator. *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978); *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1978); *Lamphere v. Chrisman, supra*. The record is devoid of evidence of "a serious immediate question concerning the welfare of the child." Section 14.10(c); *Forbes v. Wettman, supra* at 232; *Strobel v. Thurman, supra*.

This court has consistently enforced by mandamus the rights of persons who have been named managing conservators. *Forbes v. Wettman, supra* at 232; *Elliott v. Bradshaw*, 587 S.W.2d 108 (Tex.1978); *Trader v. Dear, supra; Strobel v. Thurman, supra; Saucier v. Pena, supra; Lamphere v. Chrisman, supra; McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976). See J. Bain, *Habeas Corpus in Child Possession Cases*, MARRIAGE DISSOLUTION 1980 § L (1980).

■ The Legislature was so intent upon making an order for managing conservatorship immune from frustration that it expressly provided Section 14.10(d). Spelled out, Section 14.10(d) means that when William Pacheco goes to Tennessee and kidnaps a child, and the managing conservator follows the child to Texas, she may institute a habeas corpus proceeding at which she will win by mere proof that she has an order making her the managing conservator. While she is in Johnson County or elsewhere in Texas seeking to compel the return of the child, she may not be served with civil process. Moreover, she is not subject to the jurisdiction of any civil court except the court in which the writ of habeas corpus is pending. She is subject to the jurisdiction of that court only for the purpose of prosecuting the writ of habeas corpus.

What has happened in this case defeats the legislative plan to stop self-help in custody fights. Bonita was entitled to the writ of habeas corpus, and she was by statute made immune from the collateral litigation while prosecuting the writ. We conditionally grant the writ.

We assume that Judge Wilson will promptly vacate his order denying the writ of habeas corpus and will grant it. Our writ of mandamus will issue only if he declines to do so.

RAY, J., concurs.

RAY, Justice, concurring.

I agree with the court's decision which conditionally grants the writ of mandamus. As the opinion states, Section 14.10 of the Texas Family Code was designed to stop "self-help" in custody fights. I would further discourage child snatching by joining those jurisdictions which in damage suits have awarded compensatory and punitive damages for the wrongful abduction of children from the one who has lawful custody. The RESTATEMENT (SECOND) OF TORTS § 700 (1977) states:

§ 700. Causing Minor Child to Leave or not to Return Home

One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.

See *Fenslage v. Dawkins*, 629 F.2d 1107 (5th Cir. 1980); *Kajtazi v. Kajtazi*, 488 F.Supp. 15 (E.D.N.Y.1978); *LaGrenade v. Gordon*, 46 N.C.App. 329, 264 S.E.2d 757 (1980).