**Delois MERGERSON, Relator,**

v.

**Honorable Allen J. DAGGETT, Respondent.**

**No. C-1602.**

Supreme Court of Texas.

Nov. 3, 1982.

Schenk & Sanders, Dean A. Sanders, Wichita Falls, for relator.

Michael Allen Peters, Houston, for respondent.

PER CURIAM.

Delois Mergerson seeks a writ of mandamus to compel the Honorable Allen J. Daggett, Judge of the 310th District Court of Harris County, to vacate an order of habeas corpus giving custody of her niece to the child's natural mother, Mildred Jones. We conditionally grant the writ.

On January 23, 1979, Delois Mergerson was appointed temporary guardian of the person of her niece by order of probate court No. 3 of Harris County. Thereafter, the child lived with her aunt in Wichita County. On June 23, 1982, Mrs. Mergerson filed an original petition in a suit affecting

the parent-child relationship, requesting that she be appointed managing conservator of the child. The petition was filed in the 30th District Court of Wichita County, the county of the child's residence. Texas Family Code § 11.04(c)(2).[1] On July 21, 1982, temporary orders were signed by the judge of the Wichita County District Court naming Mrs. Mergerson temporary managing conservator and naming the child's mother temporary possessory conservator. Two days later, the Harris County probate court dissolved the guardianship.

Mildred Jones, the child's mother and only surviving parent, subsequently filed an application for writ of habeas corpus in the 310th District Court of Harris County. Although presented with the order of the Wichita County District Court naming Mrs. Mergerson temporary managing conservator, Judge Daggett granted the writ of habeas corpus compelling the return of the child to her mother.

■ The writ of habeas corpus was apparently based upon Texas Family Code § 14.10(e) which requires the return of the child if the court finds that the relator has a superior right of possession by virtue of the rights of a parent.[2] Subsection (e), however, applies only when the right to possession of a child is not governed by a court order. Since the Wichita County District Court had previously issued temporary orders regarding the parent-child relationship, Texas Family Code § 14.10(a) applies.[3]

■ Judge Daggett's order granting the writ of habeas corpus ignores the temporary orders issued by the Wichita County District Court and is contrary to § 14.10(a) of the Texas Family Code. This Court has on numerous occasions enforced the rights of managing conservators by mandamus. *Marshall v. Wilson*, 616 S.W.2d 932 (Tex. 1981); *Forbes v. Wettman*, 598 S.W.2d 231 (Tex.1980); *Trader v. Dear*, 565 S.W.2d 233 (Tex.1978); *Strobel v. Thurman*, 565 S.W.2d 238 (Tex.1978); *Saucier v. Pena*, 559 S.W.2d 654 (Tex.1978); *Lamphere v. Chrisman*, 554 S.W.2d 935 (Tex.1977); *McElreath v. Stewart*, 545 S.W.2d 955 (Tex.1977); *Standley v. Stewart*, 539 S.W.2d 882 (Tex.1976).

The motion for leave to file petition for writ of mandamus is granted. Without hearing oral argument, we conditionally grant the writ of mandamus to compel Judge Daggett to vacate his order of habeas corpus. Tex.R.Civ.Pro. 483. A formal writ of mandamus will issue only if Judge Daggett fails to comply with this opinion.

---

1. All references to the Family Code are to Tex. Fam.Code Ann. (Vernon 1975 and Supp.1982).

2. Texas Family Code § 14.10(e) provides:

   If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights,

privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

3. Texas Family Code § 14.10(a) provides:

   If the right to possession of a child is presently governed by a court order, the court in a habeas corpus proceeding involving the right to possession of the child shall compel return of the child to the relator if and only if it finds that the relator is presently entitled to possession by virtue of the court order.