**Mary Helen RODRIGUEZ, Relator,**

v.

**Honorable John R. McFALL, Judge et al., Respondents.**

No. C–2235.

Supreme Court of Texas.

July 20, 1983.

Rehearing Denied Oct. 5, 1983.

---

Richard Anthony Rodriguez is the son of relator and Richard D. Rodriguez. The mother and father had been separated for almost two years and a divorce proceeding was pending. No custody orders, temporary or otherwise, had been issued in the divorce proceeding. There are no outstanding custody orders on the child.

By agreement of the parents, the father had the possession of the child during the separation. The father lived with his parents, so the child in fact lived with his paternal grandparents.

The father was killed in a vehicular accident on May 1, 1983. When the mother learned of her husband's death, she demanded custody of her son from the paternal grandparents. They refused, and she brought a habeas corpus action in the district court under section 14.10(e)[1] of the Family Code. Section 14.10(e) provides:

> If the right to possession of a child is not governed by a court order, the court in a habeas corpus proceeding involving the right of possession of the child shall compel return of the child to the relator if, and only if, it finds that the relator has a superior right to possession of the child by virtue of the rights, privileges, duties, and powers of a parent as set forth in Section 12.04 of this code.

We have held that under section 14.10(e), absent an immediate serious danger to the child, a parent is entitled to the immediate, automatic and ministerial grant of possession of the child as against a non-parent. *Armstrong v. Reiter,* 628 S.W.2d 439 (Tex. 1982); *Trevino v. Garcia,* 627 S.W.2d 147 (Tex.1982). The record here shows no issue was raised of a serious immediate question concerning the welfare of the child.

The trial court denied the writ of habeas corpus. The order stated as its only reason for denial that "the child has not been in MARY HELEN RODRIQUEZS' (sic) possession and control for at least six months preceeding the filing of the petition

Purdom & Stephens, Thomas J. Purdom, Lubbock, for relator.

Allison & Davis, Al Allison, Levelland, for respondents.

PER CURIAM.

This is an original mandamus proceeding brought by Mary Helen Rodriguez requesting a writ of mandamus directing the Honorable John R. McFall, sitting as Judge of the 237th District Court of Lubbock County, to grant a writ of habeas corpus ordering that she have immediate custody of the minor child Richard Anthony Rodriguez. We conditionally grant the writ.

1. All statutory references are to the Texas Family Code. All rule references are to the

Texas Rules of Civil Procedure.

for said writ as required in Section 1410b(2) [sic] of the Texas Family Code." At the time the judge signed the order, there was no pending motion to modify the custody nor was there any pending suit to terminate or modify the parent-child relationship, other than the divorce proceeding.

Section 14.10(b)(2) provides:

(b) The court shall disregard any cross action or motion pending for modification of the decree determining managing conservatorship, possession, or support of or access to the child unless it finds that:

\* \* \* \* \* \*

(2) the child has not been in the relator's possession and control for at least 6 months immediately preceding the filing of the petition for the writ.

Section 14.10(b)(2) by its express terms only can apply if there is a pending motion to modify an existing order or if there is a cross-action to modify existing custody rights. The father's death immediately abated the pending divorce action, and the grandparents may not rely upon the divorce proceeding as a pending custody action. *Whatley v. Bacon,* 649 S.W.2d 297 (Tex. 1983).

Because the district court's order conflicts with section 14.10 and *Whatley v. Bacon, supra,* we grant leave to file the petition for writ of mandamus and, without hearing argument, hold that relator is entitled to a writ of mandamus directing the district judge to grant her application for writ of habeas corpus. Rule 483. The writ shall issue only if the district judge fails to act in accordance with this opinion.