**Elizabeth Ann BLACK, Relator,**

v.

**Honorable James C. ONION, Respondent.**

**No. 04–85–00066–CV.**

Court of Appeals of Texas, San Antonio.

March 13, 1985.

Rehearing Denied April 4, 1985.

Bill S. McCarty, San Antonio, for relator.

Oliver Heard, Jr., Heard, Goggan & Blair, San Antonio, for respondent.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

OPINION

REEVES, Justice.

In this original mandamus proceeding, relator, Elizabeth Ann Black, seeks the writ to compel the Honorable James C. Onion, Judge of the 73rd District Court of Texas, to vacate certain temporary orders regarding custody of her three minor children, to vacate his order denying relator's application for writ of habeas corpus, and to compel Judge Onion to enter an order issuing the writ of habeas corpus returning her children to her possession. The three children are Belinda Ann Swagger, Lori Dianne Black and Jared Nathan Black. Elizabeth also seeks a writ of prohibition to prevent Judge Onion from exercising jurisdiction over matters relating to custody of the children.

Elizabeth and the real party in interest, Jay Elliott Black, were divorced on April 30, 1981, in a Montgomery County, Texas, district court. The divorce decree named Elizabeth managing conservator of the couple's two children, Lori and Jared. Elizabeth and the three children moved to New York later in 1981, and they have lived there ever since. Belinda is the oldest of the children. Elizabeth is her mother, and Jay was her stepfather during his marriage to Elizabeth. The children came to Texas for a Christmas visitation with Jay in 1984. They have not been returned to their mother, and they remain in Texas with Jay.

In December of 1984, Jay initiated two sets of proceedings to obtain legal custody of the children. He filed a motion to modify in Montgomery County in which he sought appointment as managing conservator of Lori and Jared. At the same time he filed a motion to transfer the proceedings to Bexar County. That motion is still pending. Also in December, Jay filed an application for emergency temporary orders in Bexar County in which he sought temporary managing conservatorship of Lori and Jared. On the basis of Jay's affidavit, the court signed emergency temporary orders on December 28, 1984, appointing Jay temporary managing conservator of the two children and restraining Elizabeth from interfering with Jay's possession. The order made findings that "there is a danger that the children will suffer irreparable harm to their health and welfare if [they are] once again subjected to the poor living conditions, physical abuse, neglect and absence of medical attention found at the hands of ELIZABETH ANN BLACK."

In January of 1985, Jay filed an original petition in which he sought managing conservatorship of Belinda and temporary relief. A temporary restraining order was entered, and a hearing later was held on Jay's request that the temporary restraining order be made a temporary injunction. Jay admits in his brief that Elizabeth was not served with notice of this hearing, and the temporary orders entered at its conclusion indicate that neither Elizabeth nor her attorney appeared at the hearing. The temporary orders made findings similar to the orders entered in the proceeding involving Lori and Jared and appointed Jay temporary managing conservator of Belinda. These orders were signed on January 9, 1985.

Elizabeth filed an application for habeas corpus in which she sought the return of her three children. The application stated that she is entitled to possession of Lori and Jared by virtue of the Montgomery County divorce decree, and that she is the mother of Belinda, the right to possession of whom is not governed by a court order. Her application was denied by an order signed by Judge Onion. The adjudicative paragraph of that order reads as follows:

The Court finds that the Application for Writ of Habeas Corpus should be denied on the grounds that, *inter alia*, there is a valid Texas order relating to each child which ... entitles JAY ELLIOT BLACK to possession of said children. The Court further finds that the custody issue relating to BELINDA ANN SWAGGER is presently set for trial on March 27, 1985.

Possession of Lori and Jared was sought under the provisions of section 14.-

10(a).[1] The language of that section is clear. It means that a party armed with an order for managing conservatorship is entitled to its immediate enforcement. *Marshall v. Wilson*, 616 S.W.2d 932, 933 (Tex. 1981). The hearing for the enforcement of the order is not a readjudication of custody. *Id.* Section 14.10(b) provides that pending modification actions shall be disregarded except in two instances that have not been raised in the instant proceeding. *Standley v. Stewart*, 539 S.W.2d 882, 883 (Tex.1976). Although Judge Onion relied in his order on the *ex parte* emergency temporary orders he had previously signed in the proceeding regarding Lori and Jared, it is clear that those orders in no way supplant the valid and subsisting order naming Elizabeth managing conservator. *Marshall*, 616 S.W.2d at 934; *Saucier v. Pena*, 559 S.W.2d 654, 656 (Tex.1977); *Lamphere v. Chrisman*, 554 S.W.2d 935, 939 (Tex.1977).

 Nor is the order sustainable under section 14.10(c). It is apparent from the face of the order that the judge did not invoke this subsection. His order does not purport to rest upon, and there is no finding with respect to, a serious immediate question concerning the welfare of the children. *Saucier*, 559 S.W.2d at 656; *Almarez v. Williams*, 673 S.W.2d 923, 926 (Tex. App.—San Antonio 1984, no writ). It cannot be argued that the findings of fact contained in the previous orders are sufficient to bring the habeas corpus order within the provisions of section 14.10(c). The latter order makes no independent finding of a serious and immediate question regarding the children's welfare. Also, a determination in a habeas corpus proceeding cannot be controlled by findings in an *ex parte* proceeding at which proper notice and an opportunity to be heard has not been provided to a contestant.

 Elizabeth sought possession of Belinda pursuant to section 14.10(e). That subsection applies if the right to possession of a child is not governed by a court order. Jay responded that Belinda's possession was governed by the temporary orders entered in his motion to modify proceeding brought under section 14.08. Those temporary orders, however, were admittedly entered without notice to Elizabeth. Section 11.11(b) provides that an order for temporary conservatorship may not be entered except after notice and a hearing. Absent proper notice, Judge Onion was not entitled to issue the temporary orders. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex.1983). We thus conclude that section 14.10(e) applies in Belinda's case since there were no existing orders affecting the right to her possession at the time Elizabeth sought the writ of habeas corpus, other than the invalid temporary orders issued by Judge Onion. *Id.* at 300.

Under section 14.10(e), absent an immediate serious danger to the welfare of the child, a parent is entitled to the immediate, automatic and ministerial grant of possession of the child as against a non-parent. *Rodriguez v. McFall*, 658 S.W.2d 150, 151 (Tex.1983); *Armstrong v. Reiter*, 628 S.W.2d 439, 440 (Tex.1982). As we have observed, the order in question makes no finding of a serious immediate question regarding Belinda's welfare. The trial court had a ministerial duty to issue the writ.

 Mandamus is a proper remedy to compel enforcement of Elizabeth's right to possession of her children. *Lamphere*, 554 S.W.2d at 937; *Almarez*, 673 S.W.2d at 926. We conditionally grant the writ of mandamus to compel Judge Onion to vacate the temporary orders signed on January 9, 1985, in cause number 85–CI–00094, styled *In the Interest of Belinda Ann Swagger*, to vacate his order denying Elizabeth's application for writ of habeas corpus and to grant Elizabeth's application for writ of habeas corpus. The writ will issue only if Judge Onion fails to act in accordance with this opinion.

We decline to issue the writ of prohibition Elizabeth has requested. We view the issue in this proceeding as the narrow one of whether or not Elizabeth was entitled to

---

1. All statutory references are to the Texas Family Code Annotated.

the possession of her three children, according to the provisions of section 14.10.