Eddie Lee RIDER and Darlene Marie
Rider, Relators,

v.

Honorable James M. FARRIS,
Respondent.

No. 09–86–104 CV.

Court of Appeals of Texas,
Beaumont.

Oct. 14, 1986.

Rehearing Denied Nov. 5, 1986.

Larry Thorne, Smith & Thorne, Beaumont, for relators.

Cheryl M. Dowden, East Texas Legal Services, Beaumont, for respondent.

OPINION

DIES, Chief Justice.

In this original mandamus proceeding, relators, Eddie Lee Rider and Darlene Marie Rider, seek the writ to compel the Honorable James M. Farris, Judge of the 317th District Court of Texas, to vacate his order granting a writ of habeas corpus to Colleen Rene Benton Mollette, which order commanded relators to return T.L.H., a child, to Mrs. Mollette's possession. Relators have admitted, both in this court and in the trial court, that Mrs. Mollette is the natural mother of T.L.H.

In May, 1985, Lawrence Eugene Hill brought T.L.H. from Denver, Colorado, to the home of Mr. and Mrs. Rider. Lawrence Hill claimed to be the natural father of T.L.H. On June 9, 1985, the Riders filed suit in the 317th District Court. In their original petition, the Riders sought to terminate the parent-child relationship between T.L.H. and Lawrence Eugene Hill. They also requested that the trial court appoint them as managing conservators of the child, who was just over one year old at the time. The Rider's original petition named Colleen Rene Mollette as the child's natural mother, and requested citation

upon her by publication, since her whereabouts were then unknown. On July 8, 1985, the Riders filed an affidavit requesting citation of Mrs. Mollette by publication. On June 13, 1985, Lawrence Hill executed an affidavit of relinquishment of his parental rights in T.L.H. On July 24, 1985, Judge Farris signed a "decree of termination" which terminated the parent-child relationship between Lawrence Hill and T.L.H. The "decree" also appointed the Riders as managing conservators of T.L.H.

On August 23, 1985, Mrs. Mollette filed her special appearance to challenge the jurisdiction of the trial court. On November 20, 1985, Mrs. Mollette filed an application for writ of habeas corpus alleging that she was the mother of T.L.H., and that the child was being illegally restrained by the Riders. A hearing upon the writ was held on November 27, 1985. On May 16, 1986, Judge Farris signed an order granting the writ of habeas corpus. This order also explicitly held that the judgment of the court signed July 24, 1985, was void for lack of jurisdiction. The Riders now petition this court to grant a writ of mandamus ordering Judge Farris to vacate his judgment of May 16, 1986, and reinstate the judgment signed July 24, 1985.

■ *TEX.FAM. CODE ANN. sec. 11.09* (Vernon 1986) provides that a parent whose rights have not been terminated or as to whom service of process has not been waived is entitled to service of citation when a suit affecting the parent-child relationship is filed. In the present case, Mrs. Mollette was cited by publication on or after July 8, 1985, and the judgment appointing the Riders managing conservators was signed July 24, 1985. Therefore, Mrs. Mollette was given no more than 16 days notice, whereas, by law, she was entitled to at least 20 days notice prior to hearing. *TEX.FAM. CODE ANN. sec. 11.09(e)* (Vernon 1986). Therefore, the judgment signed July 24, 1985, was void for want of personal jurisdiction over Mrs. Mollette.

■ In their petition for writ of mandamus, the Riders seem to argue that the trial court should have applied *TEX.FAM. CODE ANN. sec. 14.10(a)* (Vernon 1986) in deciding whether to grant the writ. *Section 14.10(a)* provides that when the right to possession of a child is governed by a prior court order, the court in a habeas corpus proceeding shall compel the return of the child to the relator, in this case Mrs. Mollette, if and only if it finds the relator is presently entitled to possession of the child by virtue of the court order. However, a court order which is void for want of personal jurisdiction over the parent who seeks the writ of habeas corpus is not a "court order" within the meaning of *Section 14.10(a)* of the Family Code. *See Whatley v. Bacon*, 649 S.W.2d 297 (Tex. 1983). *Black v. Onion*, 694 S.W.2d 52 (Tex.App.—San Antonio 1985, no writ). To hold otherwise would mean that a trial court in a habeas corpus proceeding would be compelled to give effect to court orders which might have been obtained without even a semblance of due process with regard to the rights of a parent.

■ Since there were no valid court orders in existence at the time of the hearing and judgment on Mrs. Mollette's application for the writ of habeas corpus, the trial court was correct in applying *TEX.FAM. CODE ANN. sec. 14.10(e)* (Vernon 1986). *See Whatley v. Bacon, supra*. *Section 14.10(e)* provides that the court shall compel return of the child if it finds that the relator, Mrs. Mollette in this case, has a superior right to possession of the child by virtue of the rights of a parent set out in *TEX.FAM. CODE ANN. sec. 12.04* (Vernon 1986). A parent has the right to physical possession of her child. *TEX. FAM. CODE ANN. sec. 12.04(1)* (Vernon 1986). Therefore, the trial court did not err in ordering the Riders to return the child to Mrs. Mollette. The writ of mandamus is, therefore, denied.