IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-94-380-CV





FIDEL GONZALEZ,



 RELATOR


vs.





THE HONORABLE HAROLD TOWSLEE, JUDGE,



 RESPONDENT


 




ORIGINAL PROCEEDING FROM LEE COUNTY


 


 





PER CURIAM



 By petition for writ of mandamus, (1) relator Fidel Gonzalez seeks to compel
respondent, the Honorable Harold Towslee, to vacate an order denying Gonzalez' application for
writ of habeas corpus. See Tex. Gov't Code Ann. § 22.221(b) (West 1988); Tex. R. App. P.
121. Gonzalez sought issuance of the writ to compel the return of his child, Samuel Bornhoeft,
from the real party in interest Texas Department of Protective and Regulatory Services
("TDPRS"). We will conditionally grant the petition for writ of mandamus.

 In February 1991, TDPRS filed an original petition seeking to terminate the parent-child relationship between Samuel and his parents, Fidel Gonzalez and Mona Bornhoeft. See Tex.
Fam. Code Ann. § 15.02 (West Supp. 1994). Thereafter, the trial court rendered an order that
declared Gonzalez Samuel's biological father, based on his affidavit of paternity, and named
Gonzalez a temporary managing conservator and TDPRS a joint managing conservator. TDPRS
had the authority to establish Samuel's residence through January 15, 1994. The order also
provided for Gonzalez' visitation with Samuel. In January 1994, the trial court signed its order
that denied the petition for termination of the parent-child relationship between Gonzalez and
Samuel.

 In May 1994, Gonzalez filed his application for writ of habeas corpus seeking
possession of Samuel on the basis that no court order provided for TDPRS to have possession of
the child. After a hearing at which no party offered evidence, the trial court denied the
application. This order underlies the mandamus proceeding now before this Court.

 A petition for writ of mandamus is the proper means to review a denial of an
application for writ of habeas corpus seeking possession of a child. Saucier v. Pena, 559 S.W.2d
654, 656 (Tex. 1977); Huffstutlar v. Koons, 789 S.W.2d 707, 710 (Tex. App.--Dallas 1990, orig.
proceeding). Mandamus issues to correct a clear abuse of discretion or the violation of a duty
imposed by law when there is no adequate remedy on appeal. (2) Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992). "A trial court clearly abuses its discretion if `it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" Id., quoting
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A relator who attacks
a trial court ruling must establish that, under the circumstances of the case, the law and facts
permit the trial court to make but one decision. Johnson, 700 S.W.2d at 917.

 Section 14.10 of the Family Code provides:



(f) If the right to possession of a child is not governed by a court order, the
court in a habeas corpus proceeding involving the right of possession of the
child:


(1) shall compel return of the child to the parent if the right of possession is
between a parent and a nonparent and a suit affecting the parent-child
relationship has not been filed; . . . .


Tex. Fam. Code Ann. § 14.10(f)(1) (West Supp. 1994). Accordingly, in the absence of a court
order, a parent has a right, enforceable by writ of habeas corpus, to possession of his child as
against a nonparent. See Brown v. Dixon, 776 S.W.2d 599, 601 (Tex. App.--Tyler 1989, orig.
proceeding). A relator is then entitled to issuance of the writ immediately upon a showing that
he or she is entitled to custody. Huffstutlar, 789 S.W.2d at 710.

 When Gonzalez sought the writ of habeas corpus, the trial court had rendered a
final order in the termination proceeding relating to Gonzalez. That order became final on
February 21. Tex. R. Civ. P. 4, 329b(d). Furthermore, the order that terminated the parent-child
relationship between Bornhoeft and Samuel did not grant TDPRS any rights of possession. (3) See
Tex. Fam. Code Ann. §§ 15.05(b), .051 (West Supp. 1994). As Samuel's father, Gonzalez is
entitled to possession of Samuel. See Tex. Fam. Code §§ 11.01(3), 12.04 (West Supp. 1994). (4)

 Upon a showing that he was Samuel's parent and that no court order governing
possession existed, the issuance of the writ should have been immediate, automatic and
ministerial. Rodriguez v. McFall, 658 S.W.2d 150, 151 (Tex. 1983); Brown, 776 S.W.2d at 603. 
At the hearing on the petition for writ of habeas corpus, the trial court took judicial notice of the
orders of October 27 and January 3. Because Gonzalez made the necessary showing, he was
entitled to issuance of the writ. Huffstutlar, 789 S.W.2d at 710. Accordingly, we must
conditionally grant the petition for writ of mandamus.

 Even if a suit affecting the parent-child relationship were pending, the trial court
had discretion only to compel TDPRS to return Samuel or to issue temporary orders pursuant to
section 11.11 of the Family Code. Tex. Fam. Code Ann. § 14.10(f)(2) (West Supp. 1994); see
Tex. Fam. Code Ann. § 11.11(a) (West 1986 & Supp. 1994) (temporary orders before judgment
or during pendency of an appeal in suit affecting the parent-child relationship); see also Tex. Fam
Code Ann. § 14.10(d) (trial court may issue appropriate temporary order on showing of
immediate, serious question concerning child's welfare). The record before this Court does not
show that the trial court issued any temporary order relating to Samuel's possession or that the
parties received any notice that the court would hear a request for temporary orders at the habeas
corpus hearing. See Tex. Fam. Code Ann. §§ 11.11(b), (c), 14.10(f)(2) (West 1986 & Supp.
1994).

 We conditionally grant the petition for writ of mandamus. Because this Court
assumes that Judge Towslee will vacate the order denying the application for writ of habeas corpus
and render an order in compliance with section 14.10, we will direct the Clerk of this Court to
issue the writ only if he does not do so.


Before Justices Powers, Aboussie and B. A. Smith

Writ of Mandamus Conditionally Granted

Filed: November 23, 1994

Do Not Publish

1. [1]  This Court granted the motion for leave to file and filed the petition on October 7, 1994. 
See Tex. R. App. P. 121(c).
2. [2]  A order denying a writ of habeas corpus is not an appealable order. Gray v. Rankin, 594
S.W.2d 409 (Tex. 1980); Husband v. Pierce, 800 S.W.2d 661, 665 (Tex. App.--Tyler 1990, orig.
proceeding).
3. [3]  On January 20, the trial court severed the termination proceeding relating to Bornhoeft from
that against Gonzalez. See Tex. R. Civ. P. 41. On March 23, the court rendered a final order
terminating the parent-child relationship between Bornhoeft and Samuel. Bornhoeft has appealed
the order to this Court.
4. [4]  Section 11.01(3) provides, "`Parent' means . . . a man who has been adjudicated to be the
biological father by a court of competent jurisdiction . . . ." Tex. Fam. Code Ann. § 11.01(3)
(West Supp. 1994). Section 12.04 provides, "Except as otherwise provided by judicial order .
. ., the parent of a child has the following rights, privileges, duties and powers: (1) the right to
have physical possession . . . of the child; . . . ." Tex. Fam. Code Ann. § 12.04(1) (West Supp.
1994).