

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00842-CV

**IN THE INTEREST OF B.M.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI18641
Honorable Laura Salinas, Judge Presiding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Irene Rios, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: April 23, 2025

DISMISSED FOR LACK OF JURISDICTION

On December 9, 2024, appellant, proceeding *pro se*, filed a "Special Notice of Direct Appeal," and, on December 17, 2024, appellant filed an "Amended Notice of Appeal." Appellant's notices of appeal do not specify a judgment or other order from which appellant appeals. On December 27, 2024, the clerk's record was filed, and it does not contain a final judgment. "Unless specifically authorized by statute, Texas appellate courts have jurisdiction only to review final judgments." *McFadin v. Broadway Coffeehouse, LLC*, 539 S.W.3d 278, 283 (Tex. 2018); *accord Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

---

[1] The Honorable Laura Salinas is the presiding judge of the 166th Judicial District Court, Bexar County, Texas; however, appellant complains of actions by the Honorable Cynthia Marie Chapa and the Honorable Christine Vasquez-Hortick, sitting by assignment.

Because the clerk's record does not include a final judgment and because appellant had not directed us to an appealable interlocutory order, we ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c). On February 11 and 21, 2025, appellant filed responses, one of which was titled "Specific Court Orders Trial Court Violated." Additionally, the court reporters filed volumes of the reporter's record from hearings in the underlying trial-court cause number 2023CI18641, and a reporter filed a transcript from a hearing held in trial-court cause number 2023CI24589. Prior to our show cause order, appellant had filed a brief.

In appellant's filings he broadly complains that he has been wrongly denied possession of his son, B.M. In the underlying trial-court cause number, 2023CI18641, appellant filed a petition for writ of habeas corpus seeking the return of B.M. to his possession. *See* TEX. FAM. CODE ANN. § 157.372.[2] The Family Code provides for a writ of habeas corpus as "a ready means for deliverance of a child from unlawful detention." *Strobel v. Thurman*, 565 S.W.2d 238, 239 (Tex. 1978) (orig. proceeding) (discussing prior statute); *see* TEX. FAM. CODE ANN. § 157.372. "Upon proof of the bare legal right of possession, the grant of the writ of habeas corpus should be automatic, immediate, and ministerial." *In re deFilippi*, 235 S.W.3d 319, 322 (Tex. App.—San Antonio 2007, no pet.) (citing *Schoenfeld v. Onion*, 647 S.W.2d 954, 955 (Tex. 1983) (orig. proceeding) (per curiam) and *Strobel*, 565 S.W.2d at 239). Attached to appellant's petition is an order of termination in cause number 2011-PA-02952 from the 166th Judicial District Court, Bexar County, Texas, signed in 2012, which orders appellant appointed permanent managing conservator of B.M.

---

[2] Appellant later filed an amended petition and then a second amended petition. Our discussion refers to appellant's second amended petition.

On October 13, 2023, in cause number 2023CI18641, the 166th Judicial District Court signed an "Order for Issuance of Writ of Habeas Corpus," which ordered the respondent, T.M.O.,[3] to bring B.M. to the court on November 6, 2023, "to determine whether the Petitioner has a superior right to possession of the child[] and whether the child[] should be returned to the Petitioner." The clerk's record also includes a second "Order for Issuance of Writ of Habeas Corpus," signed on November 6, 2023, setting a hearing date of November 20, 2023, and specifying a similar purpose. The reporter's record includes a transcript from a November 6, 2023 hearing, at which T.M.O. did not appear. The reporter's record also includes a transcript from a November 20, 2023 hearing, at which T.M.O. appeared through her attorney. T.M.O.'s attorney represented that T.M.O. had not been served prior to the November 6, 2023 hearing. At the conclusion of the November 20, 2023 hearing, the trial court stated: "I'm not going to issue the habeas today. I'll take it under advisement."

The court reporter who transcribed the November 20, 2023 hearing in the 166th Judicial District Court also transcribed a hearing that occurred later that day in the 285th Judicial District Court in cause number 2023CI24589.[4] This second transcript concerns a hearing held on an application for temporary restraining order made by T.M.O. in a separate trial-court proceeding. At the conclusion of that hearing, the trial court stated that it would sign a temporary restraining order, providing that T.M.O. would be appointed as a joint managing conservator of B.M. The trial court stated that the temporary restraining order would expire on December 4, 2023, and the parties and the trial court scheduled a hearing to be held prior to that date. Appellant's brief and replies to our show cause order specify that appellant complains about further actions taken by the 285th Judicial District Court in cause number 2023CI24589, including temporary orders that were

---

[3] To protect the identity of the minor child B.M., we refer to the respondent by her initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).
[4] The reporter filed this transcript in the appellate record of the instant appeal.

purportedly entered on May 14, 2024; however, these matters are not reflected in our appellate record.[5] On December 9, 2024, appellant filed a notice of appeal in cause number 2023CI18641, from which this appeal arises.

"Appellate review is ordinarily limited to final judgments. An appellate court has no jurisdiction to review an interlocutory order unless review is conferred by statute." *Harley Channelview Properties, LLC v. Harley Marine Gulf, LLC*, 690 S.W.3d 32, 37 (Tex. 2024) (footnotes omitted). In our show cause order, we required appellant to direct us to an appealable order. Appellant responded by directing us to various interlocutory orders and actions made by the 166th Judicial District Court and 285th Judicial District Court; however, appellant has not directed us to a final judgement (other than the 2012 order of termination, which he does not challenge), or an appealable interlocutory order.

To the extent appellant wishes to challenge either "Order for Issuance of Writ of Habeas Corpus," the orders are not appealable. *See Gray v. Rankin*, 594 S.W.2d 409, 409 (Tex. 1980) (holding order that granted writ of habeas corpus for possession of a child not appealable); *Nydegger v. Breig*, 740 S.W.2d 551, 552 (Tex. App.—San Antonio 1987, no writ) (holding order that denied writ of habeas corpus for possession of a child not appealable); *see also Maadani v. Ward*, 611 S.W.3d 460, 461–62 & n.1 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *cf. Mergerson v. Daggett*, 644 S.W.2d 451, 452 (Tex. 1982) ("This Court has on numerous occasions enforced the rights of managing conservators by mandamus.").

---

[5] On March 25, 2025, appellant filed a "Motion to Accept Crucial Documents," which includes copies of orders described in this opinion and eight of nine pages of temporary orders, purportedly entered in cause number 2023CI24589. The date of the temporary orders is not reflected, and the temporary orders do not include a signature by a judge. We deny appellant's "Motion to Accept Crucial Documents" because appellant has not complied with the applicable appellate rules to make these documents part of the appellate record. *See* TEX. R. APP. P. 34.1–34.6; *In re W.T.H.*, No. 04-16-00055-CV, 2017 WL 603649, at *1 n.1 (Tex. App.—San Antonio Feb. 15, 2017, no pet.) (mem. op.) (refusing to consider documents attached to an appellate brief "because they are not part of the record on appeal"); *Save Our Springs All., Inc. v. City of Dripping Springs*, 304 S.W.3d 871, 892 (Tex. App.–Austin 2010, pet. denied) ("We are limited to the appellate record provided."). In any event, for the reasons that follow, the outcome of this appeal does not depend on whether these documents are included in the appellate record.

To the extent appellant wishes to challenge temporary orders, "the Legislature expressly has prohibited review of temporary orders" by interlocutory appeal. *Harley Channelview Properties*, 690 S.W.3d at 41 (citing TEX. FAM. CODE ANN. § 6.507); *cf. In re Sanchez*, 228 S.W.3d 214, 217 (Tex. App.—San Antonio 2007, no pet.) (orig. proceeding) ("Mandamus is the appropriate mechanism to challenge temporary orders made while a child custody modification suit is pending[.]").

Therefore, even if we liberally construe appellant's notice of appeal to challenge orders and actions from both the 166th Judicial District Court and 285th Judicial District Court in various trial-court cause numbers, appellant has not directed us to an appealable order. *See Harley Channelview Properties*, 690 S.W.3d at 37; *McFadin*, 539 S.W.3d at 283. Accordingly, we lack jurisdiction and must dismiss this appeal. *See* TEX. R. APP. P. 42.3(a); *Kelley v. Homminga*, No. 25-9013, 2025 WL 826530, at *3 (Tex. Mar. 14, 2025) ("When a court lacks jurisdiction over a case, the only correct disposition is *dismissal* because the court lacks power to do anything else.").

PER CURIAM