Frazier B. WHATLEY, Relator,

v.

Hon. O'Neal BACON, Judge, Respondent.

No. C–1812.

Supreme Court of Texas.

April 20, 1983.

Delmar Shelley Hilliard, Newton, for relator.

Bill A. Martin, Newton, Richard C. Hile, Jasper, for respondent.

KILGARLIN, Justice.

This is an original mandamus proceeding. Relator, Frazier Whatley, requests this Court to direct the Honorable O'Neal Bacon, Judge of the 1st Judicial District Court of Newton County, to vacate his order appointing Louis and Betty Knighton, maternal grandparents, as temporary managing conservators of Whatley's children, Loyd Lee Whatley, Ray Ferguson Whatley, and Charles Brian Whatley. Whatley also requests this Court to direct Judge Bacon to dissolve two writs of habeas corpus ordering Whatley to turn over his children to the Knightons. We agree that Judge Bacon improperly issued the temporary order and the writs of habeas corpus and, therefore, conditionally grant the writ of mandamus.

On May 14, 1981, the children's mother, Mary Whatley, sued Frazier Whatley for divorce in the 310th District Court of Harris County, Texas. Thereafter, Mary Whatley filed another petition for divorce on July 9, 1981, in the 1st District Court of Newton County, Texas. The Whatleys apparently reconciled for a brief time. Later, however, Mary and the children moved back to Newton County where the Knightons resided. On December 17, 1981, Frazier Whatley filed yet another petition for divorce in the 309th District Court of Harris County, Texas. Mary Whatley died on February 4, 1982. Prior to her death there had been no orders entered in any of the three divorce actions.

Two days after their daughter's death, the Knightons filed an application for writ of habeas corpus and a request for writ of attachment in Judge Bacon's court under the divorce action originally filed by Mrs. Whatley in Newton County. Judge Bacon ordered the writ of attachment that same day, so the sheriff took the three children and delivered them to the Knightons. Frazier Whatley was served at graveside during his wife's funeral ceremonies; he was ordered to have the three children in court on February 16, 1982, the date scheduled for the hearing on the Knightons' application for writ of habeas corpus.

On the day of the hearing, the Knightons filed an original petition affecting the parent-child relationship and application for relief under section 11.11 of the Texas Family Code. Whatley was never served with a copy of that instrument. Ten minutes after the Knightons had filed their suit, Judge Bacon held a hearing on both the applications for the writ of habeas corpus and temporary relief under section 11.11. Judge Bacon proceeded, notwithstanding the fact that Whatley had no notice of the suit affecting the parent-child relationship and was not present at the hearing. Whatley did not attend, thinking that the hearing's only purpose was for him to turn over the children, which he had already done.

Judge Bacon issued temporary orders on February 24, 1982, reciting the February 16 hearing on the habeas corpus application and the application for temporary relief under section 11.11. The temporary orders named the Knightons as managing conservators of Whatley's children.

On or about February 15, 1982, Frazier Whatley filed an application for writ of habeas corpus in the 246th District Court of Harris County. A hearing was set for March 16, 1982; the Knightons were served and were present in court. On March 22, 1982, Judge John W. Peavy, Jr. signed an order that the three children be returned to Whatley. The Knightons complied and Whatley took possession of the boys.

Thereafter, on April 6, 1982, the Knightons filed a second application for writ of habeas corpus in Judge Bacon's court in Newton County, requesting return of the children. After conducting a hearing, Judge Bacon again issued a writ of habeas corpus. Whatley returned the children to the Knightons on April 20, 1982.

The issue presented by this case is whether Judge Bacon had the authority to issue any orders affecting possession of Whatley's children. At the outset, we note that there is a distinction in this case between granting temporary orders and issuing writs of habeas corpus. We consider each separately.

■ The Knightons urge that Judge Bacon had the power to issue temporary orders for three reasons. First, the Knightons contend that Judge Bacon had jurisdiction over the children pursuant to the divorce action that Mrs. Whatley had filed in Newton County. Although the Family Code authorizes a district judge to issue temporary orders affecting the possession of children in a divorce suit,[1] that provision is not applicable to the instant case. Death of a party abates a divorce action and its incidental inquiries of property rights and child custody. *Garrison v. Texas Commerce Bank,* 560 S.W.2d 451 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *Parr v. White,* 543 S.W.2d 445 (Tex.Civ.App.—Corpus Christi 1976, writ ref'd n.r.e.). The proper procedural disposition of a divorce action when one of the parties dies is dismissal. *Ex parte Cahill,* 286 S.W.2d 210 (Tex.Civ.App.—Beaumont 1955, no writ).

■ In the instant case, Judge Bacon issued all the temporary orders after the death of Mrs. Whatley. Accordingly, the February 24 order appointing temporary managing conservators could not have been issued pursuant to an underlying divorce suit because the divorce action in Newton County was abated on February 4, 1982, the date of Mrs. Whatley's death. Similarly, the writ of attachment was not properly issued pursuant to the divorce suit.

■ Second, the Knightons urge that Judge Bacon could have issued a valid temporary order appointing managing conservators pursuant to the suit affecting the parent-child relationship. Section 11.09 of the Texas Family Code provides that a parent whose rights have not been terminated or as to whom service of process has not been waived is entitled to service of citation on the filing of a petition in a suit affecting the parent-child relationship. Further, section 11.11(b) of the Family Code provides that an order for temporary conservatorship of a child may not be entered except after notice and a hearing. In the instant case, Judge Bacon's February 24 order recited that Whatley had been served with notice of the Knightons' suit. However, the district clerk of Newton County subsequently gave testimony in an April 16, 1982, hearing that Whatley had not been served. Absent proper notice as required by section 11.11(b), Judge Bacon was not entitled to issue temporary orders pursuant to the Knightons' suit at the February 24 hearing.

Third, the Knightons contend that Judge Bacon had the power to issue temporary orders pursuant to the application for writ of habeas corpus filed on February 6, 1982, by virtue of section 14.10(c) of the Texas Family Code. While it is true that a trial judge may issue a temporary order in a habeas corpus proceeding pursuant to section 14.10(c), that section requires that there must be a "serious immediate question concerning the welfare of the child." This Court previously has held that an order made pursuant to section 14.10(c) must include a court's finding of a serious and immediate question as is required by the plain language of the statute. *McElreath v. Stewart,* 545 S.W.2d 955, 958 (Tex.1977).

■ In the instant case, Judge Bacon's February 24 order does not mention section 14.10(c) nor does the order include a fact finding of "a serious immediate question concerning the welfare of the children," as we required in *McElreath.* Moreover, we have not been presented with a Statement of Facts of the February 16 hearing and have no way of knowing what evidence was adduced at that time. The Knightons' application for writ of habeas corpus filed on February 6 does not make any allegation that there existed a serious immediate question concerning the welfare of the Whatley children. Therefore, we conclude that the

---

1. Tex.Fam.Code Ann. § 11.11(a).

February 24 order appointing the Knightons as temporary managing conservators was not properly made pursuant to section 14.10(c) of the Texas Family Code.

Having concluded that Judge Bacon's temporary orders affecting possession of the children are invalid, we next consider the effect of the three writs of habeas corpus issued in this case. Texas Family Code section 14.10 governs the issuance of all three writs of habeas corpus. Therefore, we judge the validity of the writs by considering whether they conform to at least one of the criteria set out in that section.

First, we examine the writ of habeas corpus issued by Judge Bacon on February 6, 1982. Section 14.10(e) of the Texas Family Code provides that if the right to possession of a child is not governed by court order, the court shall compel return of the child to the relator if it finds that the relator has a superior right to possession of the child by virtue of the rights set forth in section 12.04 of the Family Code.[2] We are of the opinion that section 14.10(e) applies to Judge Bacon's first writ because there were no existing court orders affecting the right to possession of the children at the time the Knightons applied for a writ of habeas corpus, other than the invalid temporary orders issued by Judge Bacon. Therefore, the Knightons were not entitled to possession of the children because they had no parental rights pursuant to section 12.04.

Next, we consider the effect of the writ of habeas corpus issued by Judge Peavy in Harris County on March 22, 1982. Similar to Judge Bacon's first writ, we are of the opinion that 14.10(e) applies to the writ issued by Judge Peavy. The difference between the two writs, however, is significant. Unlike the Knightons, Whatley, as the sole parent, was entitled to possession of the children pursuant to section 12.04. Therefore, Whatley was entitled to a writ of habeas corpus under section 14.10(e).

Finally, we consider the validity of Judge Bacon's second writ of habeas corpus

issued on April 19, 1982. By the time Judge Bacon issued this final writ of habeas corpus, Harris County District Judge Peavy had issued a valid habeas corpus order restoring possession of the children in Whatley. Accordingly, section 14.10(a) of the Texas Family Code applies. Section 14.-10(a) provides that when the right to possession of a child is governed by a prior court order, the court in a habeas corpus proceeding shall compel the return of a child to the relator, in this case the Knightons, if and only if it finds that the relator is presently entitled to possession by virtue of the court order. Clearly, in the instant case, Whatley and not the Knightons was entitled to possession of the children by virtue of the Harris County court's writ of habeas corpus. Like Judge Bacon's February 6 and 24 orders, the order of April 19, 1982, makes no pretense of invoking the powers of section 14.10(c). There being a prior valid order governing possession of the children, a writ of habeas corpus cannot be used as a vehicle for redetermination of the right to possession of children. *Standley v. Stewart,* 539 S.W.2d 882 (Tex.1976).

We conditionally grant the writ of mandamus to compel Judge Bacon to vacate his temporary orders of February 6, 1982, and February 24, 1982, and to dissolve his writs of habeas corpus issued on February 6, 1982, and April 19, 1982. The writ of mandamus will issue only if Judge Bacon does not comply with this directive.

---

2. Section 12.04 simply delineates the rights, privileges, duties and powers of a parent.