**Randall Anthony GARCIA, Relator,**

v.

**Honorable Allen DAGGETT, Judge of the 310th District Court of Harris County, Texas, Respondent.**

**No. 01–87–00987–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1987.

L. Michael Cohen, Houston, for relator.

Allen Daggett, Judge of the 310th District Court, Houston, for respondent.

Before SMITH, LEVY and HOYT, JJ.

ORIGINAL PROCEEDING ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF MANDAMUS

HOYT, Justice.

In this original mandamus proceeding, relator Randall Anthony Garcia asks this Court to direct the Honorable Allen Daggett, Judge of the 310th Family District Court, to vacate orders awarding temporary managing conservatorship of Garcia's son to his aunt and uncle and to grant Garcia's motion to dismiss a suit for divorce. We conditionally grant the writ.

In a pending divorce suit between relator and his wife, Ileana Patricia Garcia, the trial judge had awarded temporary managing conservatorship to Mrs. Garcia. Then on October 10, 1987, Mrs. Garcia was murdered. The child's uncle testified that the relator has been charged with murdering his wife.

On October 12, relator filed a suggestion of death and subsequently a motion to dismiss the divorce action. Also on October 12, the child's aunt and uncle filed a petition for intervention for conservatorship, seeking temporary conservatorship and permanent managing conservatorship.

The trial judge denied relator's motion to dismiss and granted temporary managing conservatorship to the child's aunt and uncle.

Relator bases his request for a writ of mandamus on the assertion that the trial court lost jurisdiction over the case upon the death of Mrs. Garcia. We agree.

Death of a party abates the divorce action and its incidental inquiries of property rights and child custody. *See Garrison v. Texas Commerce Bank*, 560 S.W.2d 451 (Tex.Civ.App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.). The proper procedural disposition of the divorce action, when one of the parties dies, is dismissal. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex.1983). A child's relatives seeking custody cannot rely upon the divorce proceeding as a vehicle for the custody action. *Rodriguez v. McFall*, 658 S.W.2d 150, 152 (Tex.1983).

The aunt and uncle filed their motion for intervention after Mrs. Garcia's death. Because her death immediately abated the divorce action, the trial court had no authority to enter any order other than an order of dismissal.

Under the record presented to this Court, there is no indication that the aunt and

uncle have filed an independent suit affecting the parent-child relationship. Nothing in this opinion is intended to preclude the filing of such a separate suit or to prevent a trial court from entering appropriate orders based on the jurisdiction conferred upon it following the filing of a proper suit.

Because the trial court was without jurisdiction to issue any orders based on the underlying divorce action, we conditionally grant the writ of mandamus. The writ will issue only if the trial judge refuses to dismiss the divorce action and to vacate his order signed October 14, naming the child's aunt and uncle temporary co-managing conservators.

LEVY, Justice, dissenting.

I must reluctantly dissent because of the extraordinary facts of this case and the risks necessarily involved.

Ordinarily, as the majority opinion holds, the death of a party automatically abates the pending divorce action and associated issues of child custody and property rights. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex.1983); *Rodriguez v. McFall*, 658 S.W. 2d 150 (Tex.1983). But this is a far from ordinary case—the relator is accused of murdering the mother of the child, and he is now asking for custody.

Furthermore, in neither *Whatley* nor *Rodriguez* was a temporary order entered, while both parties to the divorce proceeding were alive, divesting the father of custody as was accomplished in the case at bar. The entry of such an order, combined with the paramount factor of more-than-theoretical possibility of severe hazard to the child, justifies the treatment of the custody issue as a severed and independent cause of action, over which the trial court should still maintain jurisdiction. A child becomes a ward of the court when it is brought before the court for any purpose. See *Ex parte Brown*, 382 S.W.2d 97, 99 (Tex.1964); *Benavides v. Garcia*, 687 S.W.2d 397, 399 (Tex.App.—San Antonio 1985); *Pollock v. Dowell*, 583 S.W.2d 886, 888 (Tex.Civ.App. —Dallas, 1979).

I would deny the application for a writ of mandamus.