**Opinion issued August 29, 2013**



In The

# First Court of Appeals

---

## NO. 01-12-00580-CV

---

### JEFFERY JANNER AND MEG JANNER, Appellants

### V.

### KELSEY A. RICHARDSON, Appellee

---

**On Appeal from the County Court at Law**
**Washington County, Texas**
**Trial Court Cause No. CCL6370**

---

## O P I N I O N

Jeffery and Meg Janner filed a petition in intervention in their son Joel Neal

Janner's divorce proceeding, seeking access to their grandchild, D.K.J. Joel had

died nearly seven months before the Janners sought to intervene in the case. The

trial court, concluding that it had lost jurisdiction over the proceeding when Joel

died, dismissed the Janners' petition and the suit and vacated the temporary orders it had entered after Joel's death. The Janners appealed, contending that the trial court erred in dismissing the case and should have treated their petition in intervention as an original petition in a new case. Finding no error, we affirm.

## Background

Joel Neal Janner and Kelsey A. Richardson were married and had one child, D.K.J. On June 24, 2010, Kelsey filed for divorce from Joel and requested that the trial court enter an order requiring that all possession of and access to D.K.J. by Joel be supervised. On August 25, 2010, the trial court signed temporary orders requiring Joel's visitation with D.K.J. be supervised. Three months later, on November 27, 2010, Joel died.

Nearly seven months after Joel's death, on June 20, 2011, Joel's parents, Jeffrey and Meg Janner, filed in the divorce proceeding a "Petition in Intervention in Suit Affecting the Parent-Child Relationship," seeking access to their grandchild, D.K.J. The Janners, however, did not personally serve Kelsey with the petition at that time. In early July 2011, Kelsey moved to the U.S. Virgin Islands with D.K.J. One month after the move, the trial court held a temporary orders hearing at which Kelsey was not present. On October 24, 2011, the trial court signed temporary orders granting the Janners access to D.K.J.

2

Kelsey ultimately was served with the petition in intervention and the temporary orders on December 12, 2011, six months after the petition was filed, while she was visiting family in Texas. Kelsey then filed a document entitled "Plea to Decline Jurisdiction, Plea in Abatement and Motion to Dismiss." Kelsey requested that the trial court dismiss the petition in intervention because the trial court had lost jurisdiction over the divorce proceeding upon Joel's death, leaving no suit in which the Janners could intervene. The trial court concluded that it lost jurisdiction upon Joel's death, vacated its temporary orders, and dismissed the suit. The Janners appealed.

## Discussion

"It is well settled that a cause of action for a divorce is purely personal and that the cause of action for a divorce terminates on the death of either spouse prior to the rendition of a judgment granting a divorce." *Garrison v. Tex. Commerce Bank*, 560 S.W.2d 451, 453 (Tex. Civ. App.—Houston [1st Dist.] 1977, writ ref'd n.r.e.); *see also Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding). This includes all "incidental inquiries of property rights and child custody." *Whatley*, 649 S.W.2d at 299; *see also Pollard v. Pollard*, 316 S.W.3d 246, 250 (Tex. App.—Dallas 2010, no pet.).

Indeed, "[t]he death of either party to the divorce action prior to entry of the divorce decree withdraws the court's subject matter jurisdiction over the divorce

3

action." *Pollard*, 316 S.W.3d at 251; *see Garcia v. Daggett*, 742 S.W.2d 808, 809–10 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding [leave denied]) (death of wife immediately deprived court of jurisdiction over divorce action, and temporary custody orders entered after death of wife were void). "The proper procedural disposition of a divorce action when one of the parties dies is dismissal." *Whatley*, 649 S.W.2d at 299; *see Garcia*, 742 S.W.2d at 810 (stating that, after death of one party to divorce action, "the trial court was without jurisdiction to issue any orders based on the underlying divorce action").

In this case, it is undisputed that Joel died before the Janners filed their petition in intervention. Under well-established Texas law, Joel's death caused the trial court to lose jurisdiction over the divorce action in which the Janners attempted to intervene. *See Pollard*, 316 S.W.3d at 251; *Garcia*, 742 S.W.2d at 809–10. Accordingly, the trial court was required to dismiss the case and vacate the orders it had entered after Joel's death. *Whatley*, 649 S.W.2d at 299; *Garcia*, 742 S.W.2d at 810. The trial court applied these settled principles and set forth this rationale in its findings of fact and conclusions of law.

The Janners nevertheless argued below, and argue here, that the trial court should have treated their petition in intervention as an original petition for access

4

to D.K.J.[1]  They argue that they could have filed an original proceeding for grandparent access instead of intervening in the divorce action, and therefore, the trial court should have treated their petition in intervention as an original petition in a separate suit.  They contend that this is required by Texas Rule of Civil Procedure 71, which is titled "Misnomer of Pleading."  It states: "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."  TEX. R. CIV. P. 71.  The typical application of Rule 71 permits a trial court to consider a motion or other filing according to its substance, even if it is not accurately titled.  *See, e.g.*, *C/S Solutions, Inc. v. Energy Maint. Servs. Grp. LLC*, 274 S.W.3d 299, 306–07 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (although plaintiff titled document a "nonsuit," in substance document was an amended pleading, and pursuant to Rule 71, was not controlled by the fact that the term "nonsuit" appeared in document); *Johnson v. State Farm Lloyds*, 204 S.W.3d 897, 899 n.1 (Tex. App.—Dallas 2006), *aff'd*, 290 S.W.3d 886 (Tex. 2009) (motion titled "Motion to Compel," which requested in the body summary judgment, was properly treated as a motion for summary judgment pursuant to Rule 71); *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 604–05 (Tex. App.—Tyler 2005, pet.

---

[1]    Family Code Section 153.432 permits grandparents to file an original suit or a suit for modification to seek access to a grandchild.  *See* TEX. FAM. CODE ANN. § 153.432(a), (b) (West Supp. 2012); *see also In re Smith*, 260 S.W.3d 568, 573 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

denied) (motion that was entitled "motion for new trial" was correctly treated as motion for JNOV under Rule 71). But the Janners cite no authority demonstrating that Rule 71 operates to confer jurisdiction in a matter in which a trial court has lost jurisdiction, nor do they cite authority for the proposition that a trial court may rely on Texas Rule of Civil Procedure 71 to create a new action after determining that a pleading should have been but was not filed as such.

We find more persuasive Kelsey's reliance on *Garcia v. Dagget*. In that case, the wife was murdered while the divorce action was pending. *Garcia*, 742 S.W.2d at 809. The husband, who was charged with the murder, moved to dismiss, and the child's aunt and uncle filed a petition in intervention seeking temporary conservatorship over the child. *Id.* The trial judge denied the motion to dismiss and granted temporary managing conservatorship to the aunt and uncle. *Id.* The husband sought mandamus relief and we conditionally granted it, instructing the trial court to dismiss. *Id.* We reasoned that because the wife's death immediately abated the divorce action, the trial court had no authority to enter any order other than an order of dismissal. *Id.* (citing *Rodriguez v. McFall*, 658 S.W.2d 150, 152 (Tex. 1983)). We specifically noted that the aunt and uncle in *Garcia*, like the Janners in this case, could have filed a separate suit seeking the

6

same relief.[2] *Id.* at 809–10; *see Smelscer v. Smelscer*, 901 S.W.2d 708, 710 (Tex. App.—El Paso 1995, no pet.) ("[T]he *Garcia* court contemplated a different result if the intervenors had either previously filed an independent suit affecting the parent-child relationship or if the trial court entered appropriate orders based on the jurisdiction conferred upon it following the filing of a proper suit."). In short, we concluded that the trial court was required to dismiss due to the wife's death, even if the aunt and uncle could have brought a separate original proceeding seeking the very relief they sought in the petition in intervention. *See Garcia*, 742 S.W.2d at 809–10.

Likewise, here, the Janners claim that the trial court erred in dismissing their petition in intervention rather than treating it as an original petition in a new suit for grandparent access. However, as in *Garcia*, the fact that the Janners may have had the right to file a separate proceeding for access does not alter the rule that, after the death of a party to a divorce action, the divorce action terminates and the trial court loses authority to enter any order other than an order of dismissal. *Id.* at 809; *see also Pollard*, 316 S.W.3d at 250–51 (citing *Garcia*); *Smelscer*, 901 S.W.2d at 710 (death of party to divorce caused abatement of action such that there existed no underlying suit in which to intervene). Accordingly, we conclude that

---

[2]    Section 102.004 of the Family Code confers standing upon relatives related to a child within the third degree by consanguinity to file suit for conservatorship under certain circumstances. *See* TEX. FAM. CODE ANN. § 102.004 (West 2008).

the trial court, having lost authority to enter any order other than an order of dismissal, correctly dismissed the suit, including the Janners' petition in intervention.

We overrule the Janners' sole issue.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp, and Huddle.