# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00477-CV

**In re Maria Footman**

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Relator Maria Footman has filed a petition for writ of mandamus complaining of the trial court's order severing claims brought against her by real party in interest Linda Nielsen into a separate cause. *See* Tex. R. App. P. 52. We conditionally grant the petition for writ of mandamus. *See id.* R. 52.8(c).

Linda was married to Steven Nielsen, who filed for divorce in November 2014. Linda filed a counter-petition, asserting that Steven had breached his fiduciary duties to her by "squander[ing]" community funds, had committed constructive fraud, and had wasted community assets "by making grossly excessive gifts" to his paramour. Steven died on May 14, 2015, and on May 15, Linda filed an amended counter-petition for divorce, naming Footman as Steven's paramour and as a defendant. Linda asked that Steven and Footman be found jointly and severally liable for "breach of fiduciary responsibility and fraud on the community estate" and that Footman be required to account for and return gifts and funds given to her by Steven from the community estate. On May 18, Steven's attorney filed a motion to dismiss the divorce action. Linda filed a response asserting that although she agreed that the divorce proceeding could not survive Steven's death, the

separate and distinct claim for breach of fiduciary duty leveled against Footman should not be dismissed and instead should be severed into another cause number. The trial court severed Linda's claim against Footman into a new cause number and then dismissed the divorce proceeding. Footman filed this petition for writ of mandamus, asserting that the trial court should have dismissed the claims against her along with the divorce proceeding. We agree.

As the supreme court explained, the "[d]eath of a party abates a divorce action and its incidental inquiries of property rights and child custody." *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983). Further, "[t]he death of either party to the divorce action prior to entry of the divorce decree withdraws the court's subject matter jurisdiction over the divorce action." *Pollard v. Pollard*, 316 S.W.3d 246, 251 (Tex. App.—Dallas 2010, no pet.); *see also Janner v. Richardson*, 414 S.W.3d 857, 858 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (same); *Garcia v. Daggett*, 742 S.W.2d 808, 809-10 (Tex. App.—Houston [1st Dist. 1987, orig. proceeding) ("Because [wife's] death immediately abated the divorce action, the trial court had no authority to enter any order other than an order of dismissal."); *Parr v. White*, 543 S.W.2d 445, 448 (Tex. Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.) ("An action for divorce is purely personal in nature and abates absolutely on the death of either party before judgment," and "[t]he death of either party prior to entry of the divorce decree withdraws subject matter of the litigation from jurisdiction of the court."). In such a case, the trial court must dismiss the divorce proceeding. *See, e.g.*, *Whatley*, 649 S.W.2d at 299 ("The proper procedural disposition of a divorce action when one of the parties dies is dismissal."); *Pollard*, 316 S.W.3d at 251 ("Where, as here, one of the parties to a divorce action dies prior to a divorce being rendered, the proper procedural disposition is dismissal of the divorce action.").

Thus, upon Steven's death on May 14, the trial court "absolutely and automatically" lost jurisdiction to do anything other than to sign an order dismissing the proceeding. *See Garrison v. Mead*, 553 S.W.2d 25, 26 (Tex. Civ. App.—Houston [1st Dist.] 1977, orig. proceeding) ("The death of a party before judgment in a divorce case abates the action absolutely and automatically abates the court's incidental powers concerning property rights. "); *Parr*, 543 S.W.2d at 448 (divorce proceeding "abates absolutely" upon death of either party before decree and "withdraws subject matter of the litigation from jurisdiction of the court"; "Upon the death of Jody Martin Parr, her property passed immediately to her heirs at law and/or the beneficiaries of her Will as the case might be."); *see also Janner*, 414 S.W.3d at 860 ("the fact that the Janners may have had the right to file a separate proceeding for access does not alter the rule that, after the death of a party to a divorce action, the divorce action terminates and the trial court loses authority to enter any order other than an order of dismissal"). Linda's amended petition, filed a day later, did not somehow re-vest the trial court with jurisdiction to do anything else.

Because the trial court was without jurisdiction to issue any orders based on or related to the underlying divorce action, we conditionally grant the writ of mandamus.[1] See Tex. R. App. P. 52.8(c). Writ will issue only if the trial court refuses to vacate the severance order signed on June 25, 2015.

---

[1] Mandamus is generally proper if a trial court lacks subject matter jurisdiction over the underlying proceeding, and in such a case, a relator need not establish that she lacks an adequate remedy by appeal. *See In re Martinez*, 450 S.W.3d 157, 161 (Tex. App.—San Antonio 2014, orig. proceeding); *see also Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) (judgment is void when it is apparent that trial court had "no jurisdiction of the parties, no jurisdiction of the subject matter").

3

_____

David Puryear, Justice

Before Justices Puryear, Goodwin, and Bourland

Filed: November 10, 2015

4