

IN THE
TENTH COURT OF APPEALS

No. 10-18-00324-CV

IN THE MATTER OF THE MARRIAGE OF
TINA LEA HAIGHT AND GRADY MARTIN HAIGHT,
AND IN THE INTEREST OF D.J.H., A.G.H., AND H.K.H., CHILDREN

From the 378th District Court
Ellis County, Texas
Trial Court No. 78568D

MEMORANDUM OPINION

Tina Haight appeals from the trial court's order dismissing her suit for dissolution of marriage and suit affecting the parent-child relationship. We affirm.

BACKGROUND FACTS

Tina Haight and Grady Martin Haight (Marty) married in December 1998, and Tina filed for divorce in May 2009. On December 5, 2011, Tina and Marty entered into an agreement for temporary orders. Agreed Temporary Orders were signed and entered in the divorce proceedings on March 27, 2012. The Agreed Temporary Orders required

Marty to pay $28,000 a month as combined spousal support and child support.[1]  Marty

died on March 27, 2014, while the divorce proceeding was still pending.

Marty's will was admitted to probate, and Tina was appointed as Independent

Executrix of the estate.  Tina resigned on November 17, 2015, and Mark Fankhauser was

appointed to serve as administrator.

On July 12, 2018, Tina filed a Motion for Enforcement of Contract pursuant to TEX.

R. CIV. P. 11 seeking to enforce the December 5, 2011 agreement for temporary orders.

On July 19, 2018, Fankhauser, as Administrator for the Estate of Grady Martin Haight,

filed a suggestion of death for Marty.  Fankhauser then filed a motion to dismiss the suit

for the dissolution of marriage and suit affecting the parent-child relationship, and the

trial court granted the motion on July 30, 2018.

### DISMISSAL

Tina argues in her sole issue on appeal that the trial court erred in dismissing the

suit for dissolution of marriage and suit affecting the parent-child relationship with

prejudice.

It is well settled that a cause of action for a divorce is purely personal and that the

cause of action for a divorce terminates on the death of either spouse prior to the rendition

of a judgment granting a divorce.  *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig.

proceeding); *Janner v. Richardson*, 414 S.W.3d 857, 858 (Tex. App. —Houston [1 Dist.] 2013,

---

[1] The Haights were the parents of three children who are now all over the age of eighteen.

no pet.). This includes all incidental inquiries of property rights and child custody. *Whatley v. Bacon*, 649 S.W.2d at 299; *Janner v. Richardson*, 414 S.W.3d at 858. The death of either party to the divorce action prior to entry of the divorce decree withdraws the court's subject matter jurisdiction over the divorce action. *Pollard v. Pollard*, 316 S.W.3d 246, 251 (Tex. App. —Dallas 2010, no pet.). The proper procedural disposition of a divorce action when one of the parties dies is dismissal. *Whatley v. Bacon*, 649 S.W.2d at 299; *Janner v. Richardson*, 414 S.W.3d at 858.

Tina first argues that the trial court violated her due process rights by dismissing the case based upon the allegation of Marty's death without evidence, notice, hearing, or opportunity for her to be heard. After Tina filed the motion for enforcement of the contract on July 12, 2018, Fankhauser filed a suggestion of death for Marty and then filed a motion to dismiss the proceeding. The trial court's dismissal order states that the court lost jurisdiction over the proceeding upon the death of Marty. As previously stated, the proper procedural disposition of a divorce action when one of the parties dies is dismissal. *Whatley v. Bacon*, 649 S.W.2d at 299; *Janner v. Richardson*, 414 S.W.3d at 858. Tina filed a Motion to Reinstate and/or for New Trial. The trial court conducted a hearing on Tina's motions at which time Tina was given the opportunity to be heard and present her evidence.

Tina next argues that the trial court retained jurisdiction pursuant to Section 154.015 of the Family Code. Section 154.015 provides:

(b) If the child support obligor dies before the child support obligation terminates, the remaining unpaid balance of the child support obligation becomes payable on the date the obligor dies.

(c) For purposes of this section, the court of continuing jurisdiction shall determine the amount of the unpaid child support obligation for each child of the deceased obligor. In determining the amount of the unpaid child support obligation, the court shall consider all relevant factors, including:

(1) the present value of the total amount of monthly periodic child support payments that would become due between the month in which the obligor dies and the month in which the child turns 18 years of age, based on the amount of the periodic monthly child support payments under the child support order in effect on the date of the obligor's death;

(2) the present value of the total amount of health insurance and dental insurance premiums payable for the benefit of the child from the month in which the obligor dies until the month in which the child turns 18 years of age, based on the cost of health insurance and dental insurance for the child ordered to be paid on the date of the obligor's death;

(3) in the case of a disabled child under 18 years of age or an adult disabled child, an amount to be determined by the court under Section 154.306;

(4) the nature and amount of any benefit to which the child would be entitled as a result of the obligor's death, including life insurance proceeds, annuity payments, trust distributions, social security death benefits, and retirement survivor benefits; and

(5) any other financial resource available for the support of the child.

TEX. FAM. CODE ANN. § 154.015 (b) (c) (West Supp. 2019).

As previously stated, on July 12, 2018, Tina filed "Petitioners Motion for Enforcement of Contract Pursuant to Tex. R. Civ. P. 11" seeking to enforce the December 5, 2011 agreement for temporary orders. That agreement required Marty to pay $28,000 a month as combined spousal and child support. Tina did not file a motion pursuant to

Section 154.015 for the acceleration of unpaid child support or seek to have the trial court determine the amount of the unpaid child support obligation. Rather Tina sought to have the trial court enforce a contract between Tina and Marty. The cause of action for divorce and incidental inquiries terminated on Marty's death. *See Whatley v. Bacon*, 649 S.W.2d at 299; *Janner v. Richardson*, 414 S.W.3d at 858. The trial court did not err in dismissing the cause of action. We overrule the sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


JOHN E. NEILL
Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Neill
(Chief Justice Gray concurring and dissenting in part with note)*
Affirmed
Opinion delivered and filed December 16, 2020
[CV06]

*(Chief Justice Gray concurs in part and dissents in part to the Court's judgment. A separate opinion will not issue.

I note, however, that as to the specific action for a divorce (the legal dissolution of the status of marriage), and limited to that specific claim, I agree that upon the death of Marty, that claim/action became moot. Becoming moot means that it was not based on the merits and it was, therefore, error to dismiss it with prejudice.

Regarding issue one, wherein Tina argues that her due process rights were violated, initially I agree because the trial court took action against her without notice and an opportunity to be heard. This is a classic violation of due process. But the violation was

corrected because after the trial court had ruled, Tina was able to present her motion for reconsideration and had the opportunity to have the issue reconsidered. Not all due process requires the notice and opportunity to be heard to precede the initial court action or ruling if there is an adequate opportunity to have the ruling/action reconsidered. *See Harrell v. State*, 286 S.W.3d 315 (Tex. 2009) (criminal court cost collection after the funds have been withdrawn from the inmate's account). I note, however, that not all the issues were moot because claims by and between spouses are not necessarily resolved by the death of one of the spouses. In this case, the agreement for temporary support in the unusually large amount of $28,000 per month is alleged to have been, in part, for claims related to fraud on the community estate committed by Marty. Moreover, at the time of his death, Marty was at least one month in arrears in the payment of the agreed amount. However, because those issues can be brought in the probate proceeding, the dismissal of this entire proceeding does not offend due process. Thus, issue one was properly overruled.

In her second issue, Tina argues that under section 154.015 of the Family Code, Marty's remaining unpaid child support obligations became due. The problem for Tina regarding this issue is that at the time of his death, Marty's temporary obligations were not the type child support obligations that are covered by this section based on the nature and timing of the payments. It does not appear that the legislature intended this section to apply to anything other than child support obligations as part of a decree of divorce. Accordingly, Tina's second issue was properly overruled as well.

For the foregoing reasons the trial court's judgment of dismissal is proper, but because it cannot properly be a dismissal with prejudice, Chief Justice Gray respectfully concurs in part and dissents in part to the Court's judgment affirming the trial court's judgment.)

