# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00228-CV

### In re Howard Bart Freidman

---

### ORIGINAL PROCEEDING FROM TRAVIS COUNTY

---

### M E M O R A N D U M   O P I N I O N

Howard Bart Freidman has filed a petition for writ of mandamus and related motions seeking to obtain possession of a child, Alice,[1] whom he shared with his late wife, Heidi Jenkins. He challenges orders from three causes of action: (1) a suit affecting the parent-child relationship (SAPCR) concerning Alice that was incident to the divorce suit between Freidman and Heidi; (2) a SAPCR filed by Deborah after Heidi's death; and (3) an application for a protective order brought by Heidi on behalf of Alice and herself, then intervened in and pursued by Heidi's mother, Deborah Jenkins, on behalf of Alice and Deborah.[2] We will conditionally grant the writ regarding an order in the SAPCR incident to the divorce action issued after Heidi's death on April 4, 2022, because that order is void. We deny Freidman's other requested relief.

---

[1] We use the pseudonym "Alice" to shield the identity of the child.

[2] We refer to Heidi Jenkins and Deborah Jenkins by their first names to avoid confusion.

## THE RECORD

Before addressing the merits of Freidman's petition, we must clarify the scope of the record we can consider. In original proceedings, relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Their petition must contain a statement of facts that is fully supported by citation to competent evidence included in the appendix or record. Tex. R. App. P. 52.3(g). It must contain clear and concise argument with appropriate citations to authorities and the appendix or record. *Id.* R. 52.3(h). The appendix must contain a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *Id.* R. 52.3(k)(1)(B). Relators must also provide this court with a record sufficient to make that showing. *Id*. R. 52.7(a); s*ee Walker*, 827 S.W.2d at 837 (stating that relator has burden to provide record sufficient to establish entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) ("Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record." (footnote omitted)); *see also In re Athans*, 458 S.W.3d 675, 676 (Tex. App.—Houston [14th Dist.] 2015, orig. proceeding). The record requirement is as follows:

(a) *Filing by Relator Required*. Relator must file with the petition:

(1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding; and

(2) a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a

2

> statement that no testimony was adduced in connection with the matter complained.

Tex. R. App. P. 52.7(a).

Freidman did not include the orders he challenges in the appendix to his filed petition. The rules of procedure list as "necessary contents" of the appendix "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tex. R. App. P. 52.3(k)(1)(B). Failure to comply with this requirement can be grounds to deny the petition for writ of mandamus. *See In re Skinner*, No. 05-25-00803-CR, 2025 WL 1870842, at *1 (Tex. App.—Dallas July 7, 2025, orig. proceeding) (denying mandamus when appendix and record lacked sworn and certified copies of documents material to claim and filed in underlying proceedings, including copies of motions at issue in mandamus); *see also In re Washington*, No. 01-18-00742-CR, 2018 WL 4568982, at *1 (Tex. App.—Houston [1st Dist.] Sept. 25, 2018, orig. proceeding) (per curiam) (mem. op., not designated for publication) (denying mandamus petition where movant failed to include sworn or certified copies of documents). In his petition, Freidman complains about emergency and temporary orders, protective orders, custody orders, discovery-related orders, an attorney's fees award, and an order enforcing those orders. The documents attached are his original petition for divorce, Heidi's answer and counterpetition, Freidman's and Heidi's applications for a protective order, and the suggestion of Heidi's death. The appendix does not include a certified or sworn copy of any order complained of. Though the appendix attached to his petition includes only five tabs, Freidman refers to "App. Tab [xx]," for several tabs above five and as high as 55. Nor do the tabs cited correlate to an appendix filed in previous original proceedings styled *In re Freidman*, Nos. 03-22-00479-CV, 03-24-00438-CV, and 03-25-00222-CV, which among them had at most 34 tabs.

Freidman's original attempt at filing this petition included in its appendix a February 26, 2025 order partially granting Deborah's second motion for enforcement; that petition was received but not filed because of the technical defect that the exhibits in the appendix were not combined into one file with the petition. The February 26, 2025 order in that appendix is file-stamped by the trial court but is not a certified or sworn copy. Freidman did not include the February 26, 2025 order in the appendix of his later-filed petition.

Freidman did not file a record in this cause as required by Texas Rule of Appellate Procedure 52.7. After filing this petition and after the time for the real party to file a response lapsed, Freidman filed a Motion to Supplement the Record requesting that we treat filings in other proceedings filed in this Court as part of the record in this petition. These causes include a pending appeal, appellate cause No. 03-24-00416-CV, and two previous petitions for writ of mandamus, appellate cause Nos. 03-22-00479-CV and 03-24-00438-CV. Cause No. 03-24-00416-CV is an appeal from the protective order proceeding (trial court cause No. D-1-FM-22-002444) and has a clerk's record comprising 435 pages and an eight-volume court-reporter's record. The mandamus petition in cause No. 03-22-00479-CV had an appendix comprising 14 tabs with 1663 pages, and the mandamus petition in cause No. 03-24-00438-CV has an appendix comprising 34 tabs with 5393 pages. *See* Tex. R. App. P. 52.3 (requiring mandamus petition appendix). Freidman did not file a record in either mandamus proceeding; accordingly, there is no record that we can take note of. *See* Tex. R. App. P. 52.7 (requiring record in mandamus proceeding). Further, Freidman's petition does not explain that it is citing to either the appeal record or these mandamus petition appendices; the statement of facts and the argument in a mandamus petition must be supported by citation to the appendix or record. Tex. R. App. P. 52.3(h).

4

The absence of a proper record is not mitigated by the absence of a response from the real party in interest. The real party's failure to file a response does not act as a default on factual or legal issues on mandamus petitions in appellate courts. While we cannot grant mandamus relief without giving the real party an opportunity to respond, the relevant rule states that a response "is not mandatory." *See* Tex. R. App. P. 52.4. In his Motion to Compel Immediate Ruling and to Deem Factual Assertions Admitted filed in this Court, Freidman contends that Deborah's failure to respond permits us to deem his petition's factual allegations uncontroverted and to proceed to rule on the merits, citing *In re Botkin*, No. 10-11-00013-CV, 2011 WL 3820791 at *1 (Tex. App.—Waco Aug. 25, 2011, orig. proceeding), a case we were unable to locate.[3] Although Texas Rule of Appellate Procedure 38.1(g) states that a court of appeals "will accept as true the facts" contained in a statement of facts in an appellant's brief if they are not contradicted by another party and are supported by record references, that rule applies to briefs in appeals, not to petitions for writ of mandamus. *Compare* Tex. R. App. P. 38.1(g), *with* 52.3(g). Texas Rule of Appellate Procedure 52 governing the form and contents of mandamus petitions requires a statement of facts but does not require or enable the court to accept uncontroverted statements of fact. *See* Tex. R. App. P. 52.3(g). Rather, Rule 52.3(g) requires that "[e]very statement of fact in the petition must be supported by citation to competent evidence included in the appendix or

---

[3] We found no case from the Waco Court of Appeals by the name "*In re Botkin*" and did not find a similar or applicable case by the court or Westlaw citation provided. There is no cause number 10-11-00013-CV from the Waco Court of Appeals. Cause number 10-11-00013-CR concerned a mandamus petition from a prison inmate that was denied for lack of records filed with the petition. *See In re Logan*, No. 10-11-00013-CR, 2011 WL 240777, at *1 (Tex. App.—Waco Jan. 26, 2011, orig. proceeding) (mem. op.). The opinion makes no reference to deeming as true facts uncontroverted due to a real party in interest's failure to respond to a mandamus petition. *Id.* The Westlaw citation Freidman provided links to a motion to dismiss a complaint and memorandum in support thereof in *Bernardo Footwear LLC v. Ashley Nettye, Inc.* filed in the Southern District of Texas, a federal trial court not located in Waco.

record." *Id.* Rule 52.4(b) states that the response need not include a statement of facts "unless the responding party is dissatisfied with that portion of the petition," but that is a statement of the responding party's choice, not a decree that the courts must accept as true the facts alleged by the relator—particularly when the relator has not provided the required record or appendix.

Freidman has not provided a record sufficient for us to review the trial court's exercise of its discretion, findings, conclusions, or orders. Failure to provide a sufficient record often supports denial of a mandamus because the relator has not carried the burden to show entitlement to mandamus relief. *In re Le*, 335 S.W.3d at 814 (stating that "this court cannot and will not find an abuse of discretion on an incomplete record"); *In re Smith*, No. 03-14-00478-CV, 2014 WL 4079922, at *1 (Tex. App.—Austin Aug. 13, 2014, orig. proceeding) (denying petition because of inadequate record).

However, because of the gravity of the issues presented, we will take judicial notice of the order file-stamped by the trial court and attached to Freidman's initial mandamus petition that was received but not filed in this cause. *See* Tex. R. Evid. 201; *see also Tafel v. State*, 536 S.W.3d 517, 523 (Tex. 2017) (holding that appellate courts can take judicial notice of facts that a trial judge could properly have judicially noticed and facts necessary to assess appellate court's jurisdiction); *Abila v. Miller*, 683 S.W.3d 842, 849 n.4 (Tex. App.—Austin 2023, no pet.) (noting that trial court presumed to have taken notice of its own records); *McCarrell v. Dunham & Jones Attys. at L. P.C.*, No. 03-19-00783-CV, 2020 WL 4726635, at *2 n.4 (Tex. App.—Austin Aug. 12, 2020, no pet.) (mem. op.) (taking judicial notice of a file-stamped copy of an order provided by a party). The February 26, 2025 Order Partially Granting Deborah Jenkins' Second Motion for Enforcement lists among the orders subject to enforcement Temporary Orders in the Divorce & SAPCR and in Heidi's Protective Order Proceeding rendered April 27, 2022. This

6

Order coupled with the suggestion of Heidi's death on April 4, 2022, in the appendix raises a serious concern regarding the voidness of parts of the Order (and potentially other orders). To avert additional orders being issued on a void foundation, we will address the effect of Heidi's death on the proceedings below to the extent possible based on the record provided.

**BACKGROUND**

We draw the following background section from Freidman's petition and the attached pleadings. The assertions from Freidman's petition are included for context but are not binding on this or any other court as findings or conclusions.

Freidman asserts in his petition that Heidi took Alice from Travis County on February 3, 2022, to live with Deborah in Maryland. Freidman contends that Heidi obtained a protective order in Maryland on February 15, 2022; he asserts that the order was unsupported by evidence and contradicted by medical reports.

Freidman alleged in his February 17, 2022 petition for divorce that he and Heidi married on December 31, 2014, and had a child, Alice. This proceeding was filed in Travis County District Court as *In re Marriage of Freidman and Jenkins*, No. D-1-FM-22-001283 ("Divorce & SAPCR"). Heidi answered and counter petitioned for divorce. Each spouse accused the other of family violence, including Heidi's allegation that Freidman physically assaulted Alice.

Both spouses filed applications for protective order alleging that the other spouse committed acts that endangered the filing spouse and Alice. Freidman sought his on the same date that he filed his petition for divorce. This proceeding was docketed in Travis County District Court as *Freidman v. Jenkins*, No. D-1-FM-22-001233 ("Freidman's Protective-Order Proceeding"). Freidman asserts in his mandamus petition that Heidi obtained an additional protective order in

7

Maryland on March 23, 2022; he further asserts that, after Maryland Child Protective Services made no adverse findings as to him, the Maryland trial court on March 30, 2022, found no basis to exercise emergency jurisdiction. Heidi filed her protective-order application in Texas on March 31, 2022. This proceeding was docketed in Travis County District Court as *Jenkins v. Freidman*, No. D-1-FM-22-002444 ("Heidi's Protective-Order Proceeding"). Freidman asserts in his petition that, at a March 31, 2022 ex parte hearing in Travis County, Heidi's attorney misrepresented that a Maryland court had granted a protective order and that such misrepresentation has so tainted the underlying proceedings that all subsequent orders and proceedings must be vacated.

On April 7, 2022, Heidi's attorney filed a suggestion of death in the divorce suit and in her application for protective order. The suggestion states that Heidi died on April 4, 2022.

Deborah filed a SAPCR in August 2022, styled *In re H.F.J.*, No. D-1-FM-22-006451 ("Deborah's SAPCR).

## MANDAMUS STANDARD

Mandamus is an extraordinary and discretionary remedy. *In re Prudential Ins.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). For mandamus to issue, the relator must show both that the trial court's action was an abuse of discretion and that appeal is an inadequate remedy. *Id.* at 135–36; *see also In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam). An abuse of discretion occurs when a trial court acts without reference to guiding rules or principles or in an arbitrary or unreasonable manner. *In re Ford Motor*, 165 S.W.3d at 317. An appeal is an inadequate remedy when a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised. *In re Garza*, 544 S.W.3d at 840. If

8

the complained-of order is void, however, the relator does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate. *See In re Southwestern Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "A judgment is void only when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987) (citation omitted); *In re Texas Dep't of Fam. & Protective Servs.*, 660 S.W.3d 175, 178 (Tex. App.—San Antonio 2022, orig. proceeding).

**DISCUSSION**

Freidman requests several types of relief. He asks that this Court

1. Immediately vacate the enforcement and custody orders, including any orders issued in Cause No. D-1-FM-22-006451 [Deborah's SAPCR], as void for lack of jurisdiction, having been entered post-abatement and through extrinsic fraud;

   . . . .

3. Declare that Deborah Jenkins has no standing to assert possessory rights over [Alice] under the Texas Family Code due to her estrangement, misconduct, and lack of legal relationship;

4. Declare that February 17, 2022, is the operative status quo ante, prior to the initiation of fraud and unlawful custody interference;

5. Declare that the Respondent's unlawful possession of [Alice] cannot establish jurisdiction or residency under the [Uniform Child Custody Jurisdiction and Enforcement Act] or Texas Family Code;

6. Declare that all orders issued after April 4, 2022 are void for lack of subject-matter jurisdiction due to the abatement of the underlying SAPCR action under *Rodriguez v. McFall*, 658 S.W.2d 150 (Tex. 1983), and reaffirmed by *Strobel v. Thurman*, 565 S.W.2d 238 (Tex. 1978), which held that post-abatement judgments are void as a matter of law . . . .

9

Freidman also requests issuance of a writ of habeas corpus awarding him possession of the child.

In a supplemental brief, he requests overlapping and additional relief including the following:

1. IMMEDIATELY VACATE all protective orders, custody orders, and enforcement orders issued in Cause Nos. D-1-FM-22-002444 [Heidi's Protective-Order Proceeding] and D-1-FM-22-001283 [Divorce & SAPCR], including the February 26, 2025 Enforcement Order, as void ab initio due to the trial court's lack of subject-matter jurisdiction, extrinsic fraud, fundamental procedural defects, and direct contravention of constitutional and statutory mandates, including but not limited to the principles reaffirmed in *Stary v. Ethridge* and *State ex rel. Eidson v. Edwards*.

2. COMPEL Judge Jessica Mangrum to fulfill her ministerial duty to vacate these void orders.

3. COMPEL the trial court to IMMEDIATELY GRANT Relator's application for writ of habeas corpus and restore possession of [Alice] to Relator, consistent with Relator's superior right to possession as the natural father and the mandatory, non-discretionary nature of habeas relief.

. . . .

5. DECLARE that Deborah Jenkins has no standing or legal capacity to assert possessory rights or any claims related to [Alice] under the Texas Family Code.

6. DECLARE that all orders issued after April 4, 2022, are void for lack of subject-matter jurisdiction due to the abatement of the underlying SAPCR action upon the death of Heidi Jenkins.

He also requests temporary relief pending resolution of this petition and whatever other relief is just and proper.

**I.       Order issued in the Divorce & SAPCR after Heidi's death is void.**

Freidman asks that we vacate enforcement and custody orders because they were entered post-abatement and through extrinsic fraud. He asks that we declare that "all orders issued after April 4, 2022 are void." Because there is no dispute that Heidi died on that date, we can review this issue as a matter of law.

10

A cause of action for a divorce is purely personal, and the death of a spouse abates and terminates the divorce action and its incidental inquiries of property rights and child custody. *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding); *see also Pollard v. Pollard*, 316 S.W.3d 246, 250 (Tex. App.—Dallas 2010, no pet.). "The death of either party to the divorce action prior to entry of the divorce decree withdraws the court's subject matter jurisdiction over the divorce action." *Pollard*, 316 S.W.3d at 250; *see Baker v. Bizzle*, 687 S.W.3d 285, 295 (Tex. 2024). "The proper procedural disposition of a divorce action when one of the parties dies is dismissal." *Whatley,* 649 S.W.2d at 299; *see Baker*, 687 S.W.3d at 295. In *Garcia*, the trial court allowed a child's aunt and uncle to intervene in a pending divorce action after the child's mother was murdered—allegedly by the child's father; the trial court then appointed the aunt and uncle the child's conservators. *Garcia v. Daggett*, 742 S.W.2d 808, 809 (Tex. App.—Houston [1st Dist.] 1987, orig. proceeding). The court of appeals, however, held that a child's relatives cannot rely upon a divorce proceeding as a vehicle for seeking custody after the death of one of the parent-parties to the divorce action. *Garcia,* 742 S.W.2d at 809. Because the mother's "death immediately abated the divorce action, the trial court had no authority to enter any order other than an order of dismissal." *Id.* The court conditionally granted the father's request for a writ of mandamus, concluding that the trial court had to dismiss the divorce action and vacate its order naming the child's aunt and uncle temporary conservators. *Id.* at 810.

The automatic abatement of the divorce case upon the death of one spouse also prevents grandparents in possession of the child from intervening in a divorce-related SAPCR even if they are entitled to file an independent SAPCR. *Janner v. Richardson*, 414 S.W.3d 857, 858-59 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *see Whatley*, 649 S.W.2d at 299. The court in *Janner* rejected the argument that the trial court should have treated the grandparents' petition in

11

intervention as a misnomer pleading and filed it as an original SAPCR. *Janner*, 414 S.W.3d at 859. The court held that the grandparents failed to show that the misnomer rule (Tex. R. Civ. P. 71) could confer jurisdiction in a matter in which the court has lost jurisdiction or that the rule empowered the trial court to create a new cause of action after determining that a pleading should have been but was not filed as a new cause. *Id.* The court relied on the holding in *Garcia* that, after the murder of one spouse—possibly by the other spouse—the trial court was required to dismiss the suit despite the attempted intervention of the child's aunt and uncle even though they had the right to file an independent SAPCR. *Id.* (discussing *Garcia*, 742 S.W.2d at 809-10). The court in *Janner* affirmed the trial court's dismissal of the divorce-related SAPCR. 414 S.W.3d at 860.

As a matter of law, Heidi's death deprived the trial court of subject-matter jurisdiction over the Divorce & SAPCR. *See Garcia,* 742 S.W.2d at 809-10. Any order issued in the Divorce & SAPCR after Heidi's death other than a dismissal order is void. *See Janner*, 414 S.W.3d at 858-59. Further, "[a] trial court that holds a party in contempt for violating a void order necessarily abuses its discretion." *In re Corcoran,* 343 S.W.3d 268, 269 (Tex. App.— Houston [14th Dist.] 2011, orig. proceeding). Mandamus relief is available to protect a litigant from the enforcement of a void order. *In re Texas Dep't of Fam. & Protective Servs.*, 415 S.W.3d 522, 528 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). To the extent the February 26, 2025 Order enforced the April 27, 2022 order rendered in the Divorce & SAPCR, it is void.

II.     **Freidman has not shown that orders issued in causes other than the Divorce & SAPCR are void, the product of an abuse of discretion, or otherwise subject to correction through mandamus.**

Freidman's arguments that orders in other causes are void fail. Heidi's death did not bar Deborah from filing her own SAPCR concerning Alice, did not end the application for

protective order sought on Alice's behalf by Heidi, and did not bar Deborah from filing or intervening in an existing application for protective order. Freidman's request that we declare "all" other orders void is not supported by the record.

**A.** **The petition does not show that orders issued after Heidi's death in the SAPCR filed by Deborah are void as a matter of law.**

The petition does not demonstrate that any order issued in the SAPCR filed by Deborah is void for lack of jurisdiction. The Family Code provides that "a grandparent . . . may file an original suit requesting managing conservatorship if there is satisfactory proof to the court that: (1) the order requested is necessary because the child's present circumstances would significantly impair the child's physical health or emotional development . . . ." Tex. Fam. Code § 102.004(a). In *Garcia*, the court of appeals wrote:

> Under the record presented to this Court, there is no indication that the aunt and uncle have filed an independent suit affecting the parent-child relationship. *Nothing in this opinion is intended to preclude the filing of such a separate suit or to prevent a trial court from entering appropriate orders based on the jurisdiction conferred upon it following the filing of a proper suit.*

*Garcia*, 742 S.W.2d at 809-10 (emphasis added). As a grandmother, Deborah is within the class of persons who may have standing to file a SAPCR. *See* Tex. Fam. Code § 102.004(a).

We conclude only that Heidi's death did not render void any orders made in the original SAPCR filed by Deborah. The record does not allow us to review whether Deborah has proved that she is entitled to pursue a SAPCR or whether or how any orders issued in a SAPCR filed by Deborah are affected by the voidness of orders issued in the Divorce & SAPCR after Heidi's death. The record does not allow us to review allegations of fraud, either.

13

**B. The petition does not show that orders issued after Heidi's death in the protective-order proceeding filed for Alice's benefit are void because of lack of jurisdiction.**

Heidi's individual application for protective order is a separate cause of action from the Divorce & SAPCR in the trial court. Because Heidi's application for protective order alleged that Alice was the victim of family violence, Alice is considered an applicant for the protective order. *See* Tex. Fam. Code § 82.002(e). Thus, the portion of the application for Alice's protection survived Heidi's death because Alice is considered an applicant in it. Nothing in the record shows that Heidi's death deprived the trial court of jurisdiction over the application for protective order benefitting Alice.

As an adult and grandparent, Deborah is within the class of persons allowed to intervene in a protective-order application benefitting Alice. A party with a justiciable interest in a pending lawsuit may intervene in the suit as a matter of right. *See* Tex. R. Civ. P. 60; *Nghiem v. Sajib*, 567 S.W.3d 718, 721 (Tex. 2019). A party has a justiciable interest in a lawsuit, and thus a right to intervene in the suit, when its interests will be affected by the litigation. *Massachusetts Bay Ins. v. Adkins*, 615 S.W.3d 580, 602 (Tex. App.—Houston [14th Dist.] 2020, no pet.). An adult member of the family or household may file an application for a protective order to protect the applicant or any other member of the applicant's family or household to protect the family member from family violence. Tex. Fam. Code §§ 71.004(1), (2), 82.002(a). "'Family' includes individuals related by consanguinity or affinity, as determined under Sections 573.022 and 573.024, Government Code." Tex. Fam. Code § 71.003. Two individuals are related to each other by consanguinity if one is a descendant of the other or if they share a common ancestor. Tex. Gov't Code § 573.022(a). As Deborah's granddaughter, Alice is Deborah's descendant, and Deborah shares common ancestors with her grandchild; thus, Deborah is within the class of

14

persons who can file an application for a protective order benefitting Alice. Further, "[a]ny adult may apply for a protective order to protect a child from family violence." Tex. Fam. Code § 82.002(c). Nothing in the record indicates that Deborah is not an adult.

We conclude only that Heidi's death did not automatically render void subsequent orders made in the suit on application for protective order benefitting Alice filed by Heidi and intervened in by Deborah. The record does not allow us to review whether Deborah properly intervened in Heidi's Protective-Order Proceeding or provided evidence of the child's present physical or emotional well-being, any impairment thereof, or the ability of the original parties to adequately protect the child's interest, nor can we review allegations of fraud. Further, Freidman has a pending appeal in this Court arising from Heidi's Protective Order Proceeding styled *Freidman v. Jenkins*, No. 03-24-00416-CV.

### C. The record does not permit us to review Freidman's other arguments concerning the SAPCR or the application for protective order filed in Heidi's Protective-Order Proceeding.

Freidman contends that various trial-court orders are barred by res judicata and preclusion, that a domestic-violence finding was impossible, that he has federal kidnapping claims, that orders were obtained through extrinsic fraud and procedural defects, that the clean-hands doctrine was violated, and that the child's best interests were served by giving him possession of her. He complains in his supplemental petition that Heidi's initial application for protective order in Heidi's Protective-Order Proceeding was void because it was unverified (albeit supported by an affidavit), that Heidi's attorney made incorrect statements regarding Maryland's issuance of orders, that Deborah failed to demonstrate standing through her pleadings, and that the ex parte and subsequent protective orders are infected by these issues.

15

The absence of the orders and evidence from the record prevents us from reviewing those arguments. A defect in the verification of a pleading must be challenged before judgment, and an unobjected-to defect does not render a judgment void. *Cf. Meyer v. Billings*, 481 S.W.2d 958, 959 (Tex. Civ. App.—Austin 1972, no writ) (affirming injunction against father from talking to adult daughter while suit to annul daughter's marriage was pending; correctable omission in verification was waived). We cannot assess Deborah's demonstration of standing or representations made by counsel in a hearing based on the record presented.

### III.  Freidman has not shown himself entitled to habeas relief through this petition.

Freidman argues that as the sole surviving parent he has the superior right to possession and that the trial court had a ministerial duty to grant his application for writ of habeas corpus and award possession of the child to him. *See* Tex. Fam. Code § 157.372. He argues that, absent an immediate serious danger to the child, a parent is entitled to the immediate, automatic and ministerial grant of possession of the child as against a non-parent. *See Rodriguez v. McFall*, 658 S.W.2d 150, 151 (Tex. 1983). "Absent evidence of a dire emergency, the trial court is required to issue a writ of habeas corpus once the relator has demonstrated the bare legal right to possession of the child; at that point, issuance of the writ should be automatic, immediate, and ministerial." *In re Guerrero*, 440 S.W.3d 917, 922 (Tex. App.—Amarillo 2014, orig. proceeding) (conditionally issuing writ of mandamus ordering trial court to grant writ of habeas corpus in the absence of such evidence). Freidman contends that, because Alice has not been in his possession, he cannot have posed an immediate serious danger to the child. In his supplemental petition, Freidman contends that only a valid SAPCR order can deny him possession.

Freidman has not demonstrated that he is entitled to a writ of mandamus ordering the trial court to issue a writ of habeas corpus awarding him possession of Alice or that he is entitled to a writ of habeas corpus from this Court. Freidman did not present the record of an application for habeas, the record of a hearing on that application, or an order denying it in this cause. Further, contrary to Freidman's argument, a protective order can bar a parent from any access to a child given sufficient evidence. *See Stary v. Ethridge*, 712 S.W.3d 584, 596 (Tex. 2025) (holding that protective order barring all contact between parent and child for more than two years must be supported by clear and convincing evidence). By statute, issuance of a protective order requires a showing that family violence occurred. *See* Tex. Fam. Code §§ 85.001 (setting required findings for issuance of protective order), .021-.022 (defining permissible contents and conditions of protective orders). Freidman has not shown that the voidness of any order issued in the Divorce & SAPCR after Heidi's death overcomes the conditions of a protective order or otherwise requires issuance of a habeas. Because a protective order and its underlying evidence could bar parental possession of a child and therefore justify the denial of a habeas application, we cannot conclude that the trial court violated a ministerial duty by declining to issue a writ of habeas corpus even if Freidman has applied for one.

## CONCLUSION

We conditionally grant the writ of mandamus concerning any portion of the February 26, 2025 Order that enforced the April 27, 2022 order rendered in *In re Marriage of Freidman and Jenkins*, Cause No. D-1-FM-22-01263 because the portion of the April 27, 2022 Temporary Orders issued solely in that cause after the death of Heidi Jenkins was void. The writ

17

will issue only if the trial court does not vacate such orders consistent with this opinion within 45 days of the date of this order.

The petition is denied as to all other relief requested. All pending motions in this cause are denied.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Filed:   July 25, 2025