

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00367-CV

———————————————

PATRICIA JUNE HEARN, Appellant

V.

DAVID LEE HEARN, Appellee

On Appeal from the County Court at Law
Hood County, Texas
Trial Court No. CL2020086

Before Kerr, Birdwell, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Patricia June Hearn appeals from the trial court's dismissal of her petition for divorce from appellee David Lee Hearn who died before a divorce decree could be entered. Because David's death permanently abated any property-division issues and deprived the trial court of subject-matter jurisdiction, we affirm the trial court's dismissal.

Patricia and David married in 1993 and divorced in 2000. They remarried in 2018, but Patricia filed a petition for divorce on May 29, 2020. The couple had no children together, and Patricia requested that the trial court divide the community estate. David answered the petition. On March 3, 2021, David's counsel filed a suggestion of death, stating that David had died on January 9, 2021. Patricia then sought the issuance of a scire facias to require David's heirs—his son and daughter from a previous marriage—to defend the divorce action on David's behalf. *See* Tex. R. Civ. P. 152. David's heirs answered the petition.

The petition was set for an October 25 trial. At the outset, the trial court questioned its "capacity to proceed." The trial court concluded that because a divorce action is personal, the petition was abated on David's death, depriving the trial court of subject-matter jurisdiction.

On appeal, Patricia argues that the trial court erred because no statute bars a property division upon the death of a party; thus, such a dismissal is solely a creature of "tradition." If by tradition Patricia means binding case law, she is correct. We

2

have recognized as "well settled that a cause of action for a divorce is purely personal and abates on either party's death prior to the rendition of judgment on the merits." *Bizzle v. Baker*, No. 02-20-00075-CV, 2022 WL 123216, at \*3 (Tex. App.—Fort Worth Jan. 13, 2022, no pet. h.) (mem. op.) (collecting cases). This abatement extends to any property rights of the parties. *See id.* (citing *Whatley v. Bacon*, 649 S.W.2d 297, 299 (Tex. 1983) (orig. proceeding)); *see also* 39 Tex. Jur. 3d *Family Law* § 416 (2022) (collecting cases). Thus, the trial court did not err by finding that it had no subject-matter jurisdiction over Patricia's petition for divorce. We affirm the trial court's order dismissing suit. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: March 10, 2022